■ GREAT ATLANTIC INSURANCE COMPANY, Appellant, v STEPHEN WEINSTEIN et al., Respondents.—Order, Supreme Court, New York County (Robert E. White, J.), entered June 19, 1985, which granted the motions of defendants Messrs. Stephen Weinstein and Arthur Brook to dismiss the complaint, and judgment of said court entered thereon on July 18, 1985, unanimously reversed, on the law and on the facts, the order and judgment vacated, motions are denied, and the complaint is reinstated, without costs.

On November 16, 1979, premises located at 292 Grand Street, New York County, were damaged by fire. Thereafter, as a result of that fire, several actions were brought in the Supreme Court, New York County, against City Store Gates Manufacturing Corp. (City Store Gates) and Arilun Installers, Inc. (Arilun) for property damage.

Both City Store Gates and Arilun were insured, under separate policies of insurance, by Investors Insurance Company of America (Investors). Each policy contained limits of liability of $100,000 for property damage. City Store Gates was named as an additional insured on the Arilun policy.

Great Atlantic Insurance Company (Great Atlantic) afforded excess insurance coverage to City Store Gates of up to $1,000,000 in excess of the limit of City Store Gates' policy with Investors.

During trial, the actions against City Store and Arilun were settled for $450,000. In the course of the settlement negotiations, counsel for Great Atlantic demanded that Investors, as the primary insurer, contribute to this settlement the full face value of their policies on behalf of City Store Gates and Arilun, for a total of $200,000. While Investors contributed $100,000 concerning City Store Gates, it would only contribute

$50,000 in respect to Arilun. Consequently, Great Atlantic had to pay the remaining $300,000.

Subsequently, Great Atlantic commenced against Stephen Weinstein, Esq. (Mr. Weinstein) and Arthur Brook, Esq. (Mr. Brook) the instant legal malpractice action to recover $50,000 in damages. Plaintiff, in substance, alleges in its complaint: (1) in the first cause of action against Mr. Weinstein, he was assigned by Investors to defend City Store Gates concerning the November 16, 1979 fire, he owed a duty to exert his best efforts on behalf of his client City Store Gates, and the plaintiff excess carrier, as the equitable subrogee of City Store Gates, he breached his duty by also representing codefendant Arilun, which was a party with interests adverse to City Store Gates, and then, following his substitution as counsel for City Store Gates, he continued to defend the action on behalf of Arilun, although he had reviewed material prepared for the defense of City Store Gates; and, (2) in the second cause of action against Mr. Brook, he was assigned by Investors as trial counsel for City Store Gates concerning the November 16, 1979 fire, he owed a duty to exert his best efforts on behalf of his client City Store Gates, and the plaintiff excess carrier, as the equitable subrogee of City Store Gates, and he breached this duty by refusing a request to move to reinstate a cross claim to protect the interest of City Store Gates as against codefendant Arilun. Thereafter, defendants Messrs. Weinstein and Brook each moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. Plaintiff opposed. Special Term granted defendants' motions.

We disagree.

The Court of Appeals, in *219 Broadway Corp. v Alexander's, Inc.* (46 NY2d 506, 509 [1979]), set forth the test by which to determine a complaint's sufficiency when it stated, in pertinent part: "The sole question presented for * * * review is whether the plaintiff's complaint states a cause of action. As such, we accept, as we must, each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff's ability ultimately to establish the truth of these averments before the trier of the facts * * * If we find that the plaintiff is entitled to a recovery upon any reasonable view of the stated facts, our judicial inquiry is complete and we must declare the plaintiff's complaint to be legally sufficient". Applying the legal authority of *219 Broadway Corp. v Alexander's, Inc. (supra)* to the facts of the instant case, we find that plaintiff's complaint is legally sufficient in that it states causes of action against defendants.

We have held in *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.* (93 AD2d 337, 344 [1st Dept 1983], *affd* 61 NY2d 569 [1984]) that: "At this stage of the litigation, where there has been no disclosure held, the parties should not be foreclosed, particularly where, as here, the pleadings raise serious issues involving ethical considerations".

Accordingly, we reverse and deny defendants' motions. Concur—Kupferman, J. P., Ross, Milonas, Kassal and Rosenberger, JJ.