■ ALLIANZ UNDERWRITERS INSURANCE COMPANY, Appellant, v LANDMARK INSURANCE COMPANY et al., Defendants, and UNDERBERG & KESSLER, LLP, et al., Respondents. [787 NYS2d 15]—

Order, Supreme Court, New York County (Diane S. Lebedeff, J.), entered May 8, 2003, which, to the extent appealed from, granted the cross motion of defendant Underberg & Kessler, LLP to dismiss the complaint insofar as asserted against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, the motion denied and the complaint as to Underberg & Kessler, LLP reinstated.

This action arises from an underlying wrongful death action, *Huthmacher et al. v Dunlop Tire Corp. et al.*, commenced in Supreme Court, Erie County, by the estate of Michael D. Huthmacher, who was injured in October 1999 while performing work for his employer, defendant Nicholson & Hall (Nicholson), at premises owned by defendants Dunlop Tire Corporation and Goodyear Dunlop Tires North America, Inc. (collectively Dunlop). Huthmacher later died from his injuries.

Summary judgment was granted as to liability in the underlying wrongful death action, and a trial was held on the issue of damages only. In February 2002, the jury returned a verdict of approximately $8.6 million in plaintiffs' favor. The Appellate Division, Fourth Department, unanimously modified the judgment and granted a new trial on certain elements of damages (309 AD2d 1175 [2003]).

After the jury verdict, in August 2002, Landmark Insurance Company (Landmark) commenced a declaratory judgment action against Allianz Underwriters Insurance Company (Allianz) in Supreme Court, Erie County. In that action, Landmark sought a judgment declaring that Allianz was obligated to contribute to any award in or settlement of the underlying wrongful death action on Dunlop's behalf, as well as the costs associated with the appeal of the multi-million dollar verdict.

Three months after Landmark commenced the declaratory judgment action against Allianz in Erie County, Allianz com-

menced the present action in Supreme Court, New York County, against, among others, Nicholson, Dunlop, various insurance companies, including Landmark, and respondent law firm Underberg & Kessler, LLP. In this action, Allianz seeks a declaration that it is not obligated to participate in Dunlop's defense, including any appeal from the judgment in the underlying wrongful death action, or in the funding of any judgment in or settlement of the underlying action. In the alternative, Allianz alleges bad faith on the part of certain defendants and seeks monetary damages.

It is uncontested that Nicholson contractually agreed to indemnify Dunlop for any and all losses Dunlop might incur as a result of Nicholson's work at the Dunlop site. It is also uncontested that, in accordance with the contract, Nicholson named Dunlop as an additional insured on policies issued to Nicholson by General Star Indemnity Corporation (GenStar) for $1,000,000, and on an umbrella policy with Landmark for $10,000,000. Allianz provided an excess liability policy to Dunlop in the amount of $20,000,000 in excess of a self-insured retention of $3,000,000. GenStar, as primary carrier, retained respondent Underberg & Kessler, LLP (Underberg), to represent Dunlop in the underlying wrongful death action on the primary layer of coverage.

As relevant to this appeal, Allianz claims that Dunlop and Allianz repeatedly demanded that Underberg commence a third-party action against Nicholson on the ground that Nicholson was liable in the underlying wrongful death action under the Workers' Compensation Law; that Nicholson was contractually liable to Dunlop for indemnification; and that Nicholson was liable to Dunlop for common-law indemnification. However, according to Allianz, GenStar, which also insured Nicholson, was against commencing a third-party action against Nicholson. Thus, Underberg sent a letter to Dunlop's general counsel asserting that a third-party action against Nicholson would fail. Despite Dunlop's insistence to proceed, Underberg never commenced a third-party action against Nicholson.

Based on these allegations, Allianz asserts that Underberg breached its fiduciary duty by manipulating the litigation process for the benefit of GenStar and Landmark, without regard to the rights of Dunlop or Dunlop's insurer, Allianz.

After joinder of issue, a motion and several cross motions were made for various relief, including, as relevant to this appeal, Underberg's cross motion for, among other things, dismissal of the complaint as to it pursuant to CPLR 3211 (a) (7) on the ground that it owed no duty to Allianz. The Supreme

Court agreed and found, among other things, that Underberg owed no fiduciary duty to Allianz and that Allianz was not in privity with Underberg. Accordingly, the court dismissed the complaint as to Underberg.

We reverse. On appeal, plaintiff argues that it is entitled to maintain an action against Underberg as the equitable subrogee of Dunlop and because it was in "near privity" with Underberg. To the extent Underberg argues that plaintiff did not specifically raise these two issues before the motion court, these are questions of law which we may address and review for the first time on appeal (see *Chateau D'If Corp. v City of New York*, 219 AD2d 205 [1996], *lv denied* 88 NY2d 811 [1996]).

It is well settled that on a motion to dismiss a complaint for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true (see *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509 [1979]; *Great Atl. Ins. Co. v Weinstein*, 125 AD2d 214 [1986]). The sole criterion on a motion to dismiss is "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Accepting plaintiff's allegations as true, we find that, contrary to the motion court's determination, the complaint states a cause of action based upon principles of equitable subrogation (see *Great Atl. Ins. Co., supra*; *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.*, 93 AD2d 337 [1983], *affd* 61 NY2d 569 [1984]). Indeed, in *Great Atlantic*, this Court expressly permitted a suit for legal malpractice by an excess insurer against the attorneys assigned by the primary insurer to represent the insured, claiming that counsel owed a duty to the insured and to the excess insurer as the insured's equitable subrogee. Similarly, in *Hartford*, just as here, an action was maintained on the ground that the primary insurer and counsel had improperly failed to institute a third-party action, so as to avoid further liability for the primary insurer (see also *Allstate Ins. Co. v American Tr. Ins. Co.*, 977 F Supp 197 [ED NY 1997] [given Appellate Division's recognition of an excess insurer's claim for malpractice against an insured's attorney and the general trend of New York law, District Court persuaded that New York Court of Appeals would recognize cause of action by excess insurer against insured's counsel founded upon principles of equitable subrogation]). Accordingly, we do not agree that, at this early stage of the litigation and "where . . . the pleadings raise seri-

ous issues involving ethical considerations," the law forecloses plaintiff from pursuing its claim (*Hartford*, 93 AD2d at 344).

Underberg's contention that Allianz is not Dunlop's equitable subrogee because Allianz has not yet paid anything on the underlying judgment is unavailing. Contingent claims by subrogees have been recognized, especially where it would further judicial economy (*see e.g. Krause v American Guar. & Liab. Ins. Co.*, 22 NY2d 147 [1968]; *Menorah Nursing Home, Inc. v Zukov*, 153 AD2d 13 [1989]).

Although the issue of equitable subrogation is dispositive of Allianz's appeal, we note as well that Allianz has alleged a "near privity" relationship, sufficient to overcome a motion to dismiss. We recognize that "absent fraud, collusion, malicious acts or other special circumstances, [a party] is not liable for professional negligence to third parties not in privity" (*Block v Brecher, Fishman, Feit, Heller, Rubin & Tannenbaum*, 301 AD2d 400, 401 [2003], *lv denied* 100 NY2d 509 [2003]). However, where the relationship is so close as to touch the bounds of privity, an action may be maintained (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434 [2000]; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]).

In order for a relationship to approach "near" privity's borders, for the purpose of maintaining a professional negligence claim, the professional must be aware that its services will be used for a specific purpose, the plaintiff must rely upon those services, and the professional must engage in some conduct evincing some understanding of the plaintiff's reliance (*see State of Cal. Pub. Employees' Retirement Sys., supra*). Here, Allianz sufficiently pleaded that Underberg knew that the insurers and excess insurer relied on its representation of Dunlop. In addition, Allianz adequately alleged Underberg understood that reliance by virtue of its continued correspondence with Allianz, in which Allianz and Dunlop insisted that a third-party action be commenced, while Underberg declined.

Finally, we note that Allianz does not appeal from that part of the order which consolidated the instant action with the declaratory judgment action in Erie County and which changed venue in this action from New York County to Erie County. Thus, the reinstated claim against Underberg will be part of the consolidated action now venued in Erie County. Concur—Andrias, J.P., Williams, Friedman and Marlow, JJ.