■ REENA KUMAR et al., as Assignees of JEFFREY A. TISACK, Respondents, v AMERICAN TRANSIT INSURANCE COMPANY, Defen-

dant and Third-Party Plaintiff-Appellant. ROBERT E. GALLAGHER, JR., et al., Third-Party Defendants-Respondents. JEFFREY A. TISACK, Nonparty Respondent. [854 NYS2d 274]—

Memorandum: Plaintiffs commenced this action to recover damages incurred as the result of alleged acts of bad faith by defendant and third-party plaintiff, American Transit Insurance Company (American), as the insurer of plaintiffs' assignor. American then commenced a third-party action alleging that the damages plaintiffs sought to recover from American were caused by the negligence of third-party defendants (collectively, Hiscock attorneys). We agree with American that Supreme Court erred in granting the motion of the Hiscock attorneys to dismiss the third-party complaint for failure to state a cause of action and based on documentary evidence (*see* CPLR 3211 [a] [1], [7]).

"When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff (here third-party plaintiff) 'the benefit of every possible favorable inference' " (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87 [1994]). Furthermore, "[i]n order to prevail on a CPLR 3211 (a) (1) motion, the moving party must show that the documentary evidence conclusively refutes plaintiff's (here third-party plaintiff's) allegations" (*AG Capital Funding Partners, L.P.*, 5 NY3d at 590-591). The Hiscock attorneys are correct that American was not in privity with them and that, in general, "New York courts impose a strict privity requirement to claims of legal malpractice[, i.e.,] an attorney is not liable to a

third party for negligence in performing services on behalf of his [or her] client" (*Lavanant v General Acc. Ins. Co. of Am.*, 164 AD2d 73, 81 [1990], *affd* 79 NY2d 623 [1992]; *see Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52 [2007]). We agree with American, however, that the third-party complaint survives the motion to dismiss based on the principle of equitable subrogation.

"Subrogation is the principle by which an insurer, having paid losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss" (*Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581 [1995]; *see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 521 [1996]; *Humbach v Goldstein*, 229 AD2d 64, 66-67 [1997], *lv dismissed* 91 NY2d 921 [1998]). We agree with American that, " '[a]t this stage of the litigation, where there has been no disclosure held, the parties should not be foreclosed, particularly where, as here, the pleadings raise serious issues involving ethical considerations' " (*Great Atl. Ins. Co. v Weinstein*, 125 AD2d 214, 216 [1986]; *see Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174-175 [2004]). We reject the contention of the Hiscock attorneys that the principle of equitable subrogation does not apply because American has not yet paid the loss of its insured (*see Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 175 [2004]; *see also Krause v American Guar. & Liab. Ins. Co.*, 22 NY2d 147, 152-153 [1968]). Furthermore, unlike the complaint in *Federal Ins. Co.*, the third-party complaint alleges that the loss sustained by American's insured resulted from the malpractice of the Hiscock attorneys, specifically their failure to appear and defend the insured. Viewing the complaint in the light most favorable to American and according American the benefit of every favorable inference, we therefore conclude that the complaint alleges sufficient facts to withstand the motion to dismiss, inasmuch as we deem it to state a cause of action for equitable subrogation (*see generally Great Atl. Ins. Co.*, 125 AD2d at 215; *cf. Federal Ins. Co.*, 47 AD3d at 62). Contrary to the dissent's conclusion, we need only determine that American has a cause of action, not whether it has stated one (*see Leon*, 84 NY2d at 88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

In light of our determination, we need not address American's remaining contention. We have considered the alternate grounds for affirmance set forth by the Hiscock attorneys and plaintiffs and conclude that they are without merit.

All concur except Peradotto, J., who dissents and votes to affirm in the following memorandum:

Peradotto, J. (dissenting). I respectfully dissent. I agree with the majority that defendant and third-party plaintiff, American Transit Insurance Company (American), was not in "strict privity" with third-party defendants (collectively, Hiscock attorneys) and thus that American failed to state a cause of action for legal malpractice against the Hiscock attorneys based on its failure to meet the strict privity requirement (*Lavanant v General Acc. Ins. Co. of Am.*, 164 AD2d 73, 81 [1990], *affd* 79 NY2d 623 [1992]; *see Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 59 [2007]). I further conclude that American also was not in a relationship of near privity with the Hiscock attorneys and thus that it failed to state a cause of action for legal malpractice on that ground as well, although I note that the majority has not addressed that issue. "[A] relationship of near privity may . . . be sufficient to sustain a legal malpractice claim" only in cases where there is negligent misrepresentation (*Federal Ins. Co.*, 47 AD3d at 60) and, here, "[n]othing in [the third-party] complaint alleges that [the Hiscock attorneys] made [negligent] misrepresentations upon which [American] relied. Its [third-party] complaint is a plain legal malpractice pleading based on [the Hiscock attorneys'] alleged breach of duty to [American's insured] but asserted instead, improperly, by [American]" (*Federal Ins. Co.*, 47 AD3d at 62; *cf. Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 175 [2004]; *see generally State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434 [2000]). Thus, even affording the third-party complaint a liberal construction and granting the benefit of every favorable inference, and considering the affidavits submitted by American to remedy any pleading defects (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005]), I conclude that the factual allegations of American do not establish that it has a cause of action for legal malpractice based on negligent misrepresentation (*see generally Leon*, 84 NY2d at 88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

I cannot agree with the majority, however, that American has "state[d] a cause of action for equitable subrogation." In my view, the majority essentially is asserting the existence of a cause of action for legal malpractice based on a theory of equitable subrogation. From a procedural standpoint, the third-party complaint and the papers submitted by American in opposition to the motion do not contain legally sufficient averments supporting such a cause of action based on that theory (*see generally Leon*, 84 NY2d at 87-88; *Guggenheimer*, 43 NY2d at 275; *Federal Ins. Co.*, 47 AD3d at 62).

In any event, there are fundamental problems with a cause of action for legal malpractice based on the theory of equitable subrogation from a substantive standpoint as well. "Subrogation is an equitable doctrine [that] entitles an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*Federal Ins. Co.*, 47 AD3d at 62, quoting *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993] [internal quotation marks omitted]). I note initially that American conceded at oral argument that the judgment against plaintiffs' assignor, its insured, up to the limits of its policy is reasonable, and no longer challenges its responsibility to pay that amount. Plaintiffs alleged in their complaint, however, that American acted in bad faith by refusing to settle their claim against its insured for the amount of the policy limits, thereby rendering American potentially liable for damages in excess of the policy limits (*see Soto v State Farm Ins. Co.*, 83 NY2d 718, 723 [1994]). Plaintiffs' action is based in contract, stemming "from the general principle that a covenant of good faith and fair dealing is implied in all contracts, including insurance policies, as well as a recognition of the control an insurer maintains over claims against an insured" (*Smith v General Acc. Ins. Co.*, 91 NY2d 648, 652-653 [1998]). "By refusing to settle within the policy limits, an insurer risks being charged with bad faith on the premise that it has 'advanced its own interests by compromising those of its insured' . . . , or even those of an excess insurance carrier who 'alone [may be] placed at further risk due to the [primary insurer's] intractable opposition to any settlement of the claim' " (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452 [1993], *rearg denied* 83 NY2d 779 [1994]).

In order to establish that American acted in bad faith in failing to settle the claim against its insured, "plaintiff[s] must establish that [American's] conduct constituted a 'gross disregard' of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer" (*id.* at 453). Bad faith is not established if the conduct amounts only to ordinary negligence (*see id.* at 453-454). Inasmuch as the Court of Appeals has made it clear that an insurer cannot be held vicariously liable for the malpractice of the attorneys it hires to represent its insured (*see generally Feliberty v Damon*, 72 NY2d 112, 117-120 [1988]), American will not be bound to pay a loss based on a third party's wrongdoing, i.e., alleged malpractice committed by the Hiscock attorneys. Rather, American will be bound to pay a loss based on its own wrongdoing, i.e., its bad faith in refusing to settle plaintiffs' claim against its insured.

In my view, the majority's reliance on *Allianz Underwriters Ins. Co. v Landmark Ins. Co.* (13 AD3d 172 [2004]) is misplaced. In *Allianz*, the First Department concluded that the excess insurer stated a cause of action against the law firm retained by the primary insurer to represent its insured based on the principle of equitable subrogation (*see id.* at 174). However, *Allianz* did not involve a primary insurer seeking to recover damages it faced in an action against it for bad faith, nor was there any claim that the losses for which Allianz sought recovery involved money damages that exceeded the limits of the policy it had issued to the insured. Because the only loss for which American seeks recovery in the third-party action is loss for which it alone can be held liable, it has no cause of action against the Hiscock attorneys for legal malpractice based on the theory of equitable subrogation.

Although the majority notes that the third-party complaint alleges that the loss sustained by the insured resulted from the malpractice of the Hiscock attorneys, I reiterate that such loss is not one for which American can be held legally responsible. Further, its insured "is not otherwise left without a remedy for . . . [the] claimed incompetence [of the Hiscock attorneys], and [the Hiscock attorneys are] not insulated from liability for wrongdoing" (*Feliberty v Damon*, 72 NY2d 112, 120 [1988]).

Finally, to the extent that the third-party complaint seeks contribution from the Hiscock attorneys, it also was properly dismissed. It is well established that contribution pursuant to CPLR 1401 is not available with respect to economic losses resulting from a breach of contract (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 27-28 [1987]). "CPLR 1401 had its genesis in tort law . . . , [and] the existence of some form of tort liability is a prerequisite to application of the statute" (*id.*). Inasmuch as plaintiffs' action is based on American's alleged breach of contract, American is not entitled to contribution from the Hiscock attorneys.

I would therefore affirm the order granting the motion of the Hiscock attorneys to dismiss the third-party complaint. Present—Smith, J.P., Centra, Peradotto and Green, JJ.