# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1289**
**CA 10-00539**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GORSKI, JJ.

---

RICHARD TRIFICANA, MARTHA TRIFICANA, DOUGLAS
SINGLETON, JAN SINGLETON, GLORIA M. IZZO,
PATRICIA A. MORSE, ALBERTA M. ROSSI, DONALD
CARDIFF, DIANE CARDIFF, AND ELLEN SUE
SESTITO, PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

ROBERT M. CARRIER, INDIVIDUALLY AND AS
OFFICER/AGENT OF LEGEND DEVELOPERS, LLC,
ET AL., DEFENDANTS,
DAVID L. VICKERS, INDIVIDUALLY AND AS
OFFICER/AGENT OF LEGEND DEVELOPERS, LLC,
AND LEGEND DEVELOPERS, LLC,
DEFENDANTS-RESPONDENTS.

---

THE LONGERETTA LAW FIRM, UTICA (SIMONE M. SHAHEEN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

SAUNDERS KAHLER, L.L.P., UTICA (GREGORY J. AMOROSO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Brian F. DeJoseph, J.), entered December 14, 2009. The order, insofar as appealed from, granted in part the motion of defendants David L. Vickers, individually and as officer/agent of Legend Developers, LLC, and Legend Developers, LLC by dismissing plaintiffs' breach of warranty claims.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion of defendants is denied in its entirety and any breach of warranty causes of action against defendants David L. Vickers, individually and as officer/agent of Legend Developers, LLC, and Legend Developers, LLC are reinstated.

Memorandum: Plaintiffs commenced these consolidated actions seeking damages arising from the allegedly negligent construction of the homes purchased by them in a housing development. Supreme Court granted defendants' pre-answer motion in part by dismissing any causes of action against David L. Vickers, individually and as officer/agent of Legend Developers, LLC, and Legend Developers, LLC (hereafter, Legend defendants) alleging breach of warranty based on the violation of General Business Law article 36-B. On appeal, plaintiffs contend that the court erred in granting that part of defendants' motion. We

agree.

       To the extent that section 777-a of the General Business Law, entitled "Housing merchant implied warranty," provides in subdivision (4) (a) that "[t]he owner[s] . . . shall afford the builder reasonable opportunity to inspect, test and repair the portion of the home to which the warranty claim relates," we conclude that such a requirement, unlike the written notice provision in the preceding sentence of that subdivision, is not a condition precedent to asserting a cause of action for breach of warranty.  In further contrast to the written notice provision, the issue whether a "reasonable" opportunity has been afforded to a builder can be a fact-laden determination, the resolution of which prior to consideration of the merits of a claim in the context of a lawsuit would result in duplicative and unnecessary litigation.  Further, although subdivision (4) (b) provides that an action for breach of a housing merchant implied warranty "may be commenced within one year after the last date on which such repairs are performed," there is no statutory language prohibiting the commencement of an action prior to such time.  Indeed, as our concurring colleague agrees, that language merely acts as a toll in the event that a repair is commenced.  We therefore conclude that the duty to afford a defendant an opportunity to inspect, test and repair an alleged defect is not a condition precedent to asserting a cause of action for breach of warranty, and we further conclude that the failure to afford a defendant such an opportunity may be asserted as an affirmative defense in response to such a cause of action.

       Moreover, "[i]n order to prevail on a CPLR 3211 (a) (1) motion, the moving party must show that the documentary evidence [submitted in support thereof] conclusively refutes plaintiffs['] . . . allegations" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591; *see Kumar v American Tr. Ins. Co.*, 49 AD3d 1353, 1354), and defendants failed to meet that burden here.  The letter from plaintiffs' counsel, upon which defendants relied in support of their motion with respect to breach of warranty, unambiguously offered the Legend defendants the opportunity to inspect and test the portions of the homes in question, as required by the statute.  To the extent that the letter purports to deny the Legend defendants the opportunity to repair, we conclude that defendants failed to establish as a matter of law that the repair offer would have been sufficient to remedy the alleged defects (*see Hirshorn v Little Lake Estates*, 251 AD2d 377, 379).  Thus, defendants failed to meet their initial burden in support of their motion with respect to any causes of action for breach of warranty against the Legend defendants (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

       All concur except CARNI, J., who concurs in the result in the following Memorandum:  I respectfully disagree with the conclusion of my colleagues that the legislative intent is unclear with respect to whether the "reasonable opportunity to inspect, test and repair" requirement of General Business Law § 777-a (4) (a) is a condition precedent to the commencement of an action alleging breach of warranty based on the violation of General Business Law article 36-B.  In my view, the Legislature intended the requirement to be a condition

precedent.  Inasmuch as I agree with my colleagues that defendants failed to meet their burden on their pre-answer motion of establishing that plaintiffs failed to provide a reasonable opportunity to inspect and test the portions of the homes in question prior to the commencement of this action, I concur in the result reached by my colleagues.

General Business Law § 777-a (4) (a) provides that "[w]ritten notice of a warranty claim for breach of a housing merchant implied warranty must be received by the builder prior to the commencement of any action under . . . subdivision [(4) (b)] . . . The owner and occupant of the home *shall* afford the builder reasonable opportunity to inspect, test and repair the portion of the home to which the warranty claim relates" (emphasis added).  Subdivision (4) (b) of the statute provides that, "[i]f the builder makes repairs in response to a warranty claim under . . . subdivision [(4) (a)], an action with respect to such claim may be commenced within one year after the last date on which such repairs are performed."  Subdivision (4) (b) essentially extends or tolls the period of limitations for an action on the housing merchant implied warranty if repairs are made by the builder.  It simply makes no sense that the Legislature would intend that the "reasonable opportunity," inter alia, to repair would be afforded after an action has been commenced.  Once litigation has begun, the parties' relationship has deteriorated, costs have been incurred and judicial resources have been consumed.  Likewise, there would be no purpose to the requirement that the owner *shall* serve the builder with written notice of a warranty claim if a "reasonable opportunity" to remedy the defect was not contemplated by the Legislature prior to commencement of an action on the warranty.  The extension or tolling of the period of limitations until the last repair has been made is clearly part of the Legislature's intent to require the parties to utilize the statutory written notice and "reasonable opportunity" mechanism as a means to avoid litigation.  Moreover, once litigation has commenced, CPLR article 31 discovery devices provide the builder with adequate statutory means, inter alia, to inspect and test the portion of the home to which the warranty claim relates (*see* CPLR 3120 [1] [ii]).  Thus, subdivision (4) (a) would be redundant if the inspection and testing was intended to take place after an action had been commenced on the warranty.  While the nature and scope of the "reasonable opportunity" is not precisely defined in the statute, that lack of specificity is no barrier to the conclusion that the "reasonable opportunity" was intended to be afforded prior to the commencement of the action and is therefore a condition precedent to the commencement of an action.  It goes without saying that statutes are often revised by the Legislature over the course of time, and perhaps the Legislature will see fit to adding a specific definition of "reasonable opportunity" or a precise waiting period after service of the notice of claim before an action may be commenced (*see e.g.* General Municipal Law § 50-i [1]).  Nevertheless, the current absence of such a definition should not preclude us from performing our duty to construe and interpret the statute such that our construction thereof is "the one which more nearly carries out what appears to be the general legislative design on the subject" (*People ex rel. Cohen v Rattigan*, 157 NYS 1003, 1007 [Bronx County Ct

1915], *affd* 172 App Div 957).