Flaintiff, a claims administrator for an insurer, commenced this action alleging legal malpractice against defendants, who were retained to represent the insurer in a personal injury action. Acknowledging that it is not in privity with defendants, plaintiff contends that it may bring the cause of action by virtue of its relationship of near privity with them (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 59, 60-61 [1st Dept 2007]). However, plaintiff does not allege that it had a contractual obligation to pay for the loss in the personal injury action (compare Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172 [1st Dept 2004] [excess insurer alleged relationship of near privity with counsel hired by primary carrier to represent defendant in underlying action]). Nor does it allege that it sustained actual damages because of this obligation (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). Similarly, plaintiffs factual allegations do not suffice to state an equitable subrogation cause of action against defendants (see Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 581 [1995]). Concur — Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.