Schwalbe v Bar-Chama (2020 NY Slip Op 05307)





Schwalbe v Bar-Chama


2020 NY Slip Op 05307


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 651072/2018 Appeal No. 11901-11901A Case No. 2019-04686, 2019-04687 

[*1]Jason Schwalbe, Plaintiff-Respondent,
v
Natan Bar-Chama, Defendant-Appellant.


Paul M. Sod, Lawrence, for appellant.
Criscione Ravala, LLP, New York (M. Salman Ravala of counsel), for respondent.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered October 28, 2019, awarding plaintiff the total amount of $189,000, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 27, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant's attacks on the settlement agreement that was entered into on the record in open court on July 11, 2019 (the July Settlement Agreement) are not persuasive. When the parties appeared in court on July 11, 2019 each was represented by counsel, and there was no reason for plaintiff's counsel or the court to conclude that defendant's intention was for the July Settlement Agreement to be binding upon nonparty Eytan Bar-Chama, defendant's brother, rather than defendant himself (see Hallock v State of New York , 64 NY2d 224, 230 [1984]).
Defendant's argument that he was deprived of the opportunity to oppose the summary judgment motion at a hearing, as was contemplated by the July Settlement Agreement, also fails. When the parties appeared before the court on August 15, 2019, defendant had already defaulted on the July Settlement Agreement. In exchange for more time to pay out the settlement, defendant's counsel agreed in open court that any default would result in a judgment in plaintiff's favor for the full accelerated amounts due under the parties' July Settlement Agreement. The parties' August settlement modified any prior right defendant might have had to oppose the underlying summary judgment motion. The court correctly entered judgment consistent with the agreement of the parties.
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020