**Leos v Ainvest Fin., Inc.**

2024 NY Slip Op 33534(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 656419/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**

*Justice*

------------------------------------------------------------------X

NIKKI LEOS,

Plaintiff,

- v -

AINVEST FINANCIAL, INC., and AINVEST FINTECH, INC.

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| PART | **33M** |
| INDEX NO. | 656419/2023 |
| MOTION DATE | 02/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, Defendants Ainvest Financial, Inc. and Ainvest Fintech, Inc.'s ("Defendants") motion to dismiss Plaintiff Nikki Leos' ("Plaintiff") Complaint is denied.

## I.   Background

This is an action to recover unpaid wages and to recover damages for whistleblower retaliation and wrongful termination. Plaintiff alleges she was employed by Defendants from approximately February 27, 2023 to October 31, 2023 (NYSCEF Doc. 1 at ¶ 13). Plaintiff further alleges that she was entitled to an annual discretionary bonus (*Id.* at ¶ 15). Plaintiff asserts she became aware of various activities and practices carried out by Defendants that violated the law and U.S. Securities and Exchange Commission ("SEC") and Financial Industry Regulatory Authority ("FINRA") regulations when accessing a specific terminal to carry out remote work (*Id.* at ¶ 21). Moreover, Plaintiff alleges that she attempted to raise said issues with the Defendant's advisory board to no avail (*Id.* at ¶ 22-30). Subsequently, Plaintiff used Defendant's recorded broker-dealer system to email and to report the allegedly unlawful activity and practices (*Id.* at ¶ 30-31). Plaintiff's access to the computer terminal was then cut off (*Id.* at ¶ 32). On September 27,

**656419/2023  LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL**
**Motion No.  001**

2023, Plaintiff received notice that she would be changed from a W-2 employee to a 1099 independent contractor position (*Id.* at ¶ 33). On October 9, 2023, Plaintiff was notified that her employment would be terminated the following week and was provided with a contract to rehire her as a 1099 independent contractor (*Id.* at ¶ 36-37). It is alleged that the independent contractor role would result in Plaintiff's reduction of earnings, loss of benefits, and additional tax liabilities (*Id.* at ¶ 38). Plaintiff was informed via email that she would still be receiving her 2023 bonus within 15 days of her October 31, 2023 termination date (*Id.* at ¶ 41).

Defendants now move to dismiss Plaintiff's complaint on various grounds. First, Defendants argue that Plaintiff's unpaid wages claim should be dismissed pursuant to CPLR 3211(a)(1) because Plaintiff is not entitled or eligible to receive the annual discretionary bonus provided for her in her Employment Agreement (NYSCEF Doc. 6; *see* NYSCEF Doc. 10). Similarly, Defendants argue that Plaintiff's retaliation claim should be dismissed as contradicted by documentary evidence (*Id.*). Defendants further argue that Plaintiff's retaliation claim should be dismissed pursuant to CPLR 3211(a)(7) because Plaintiff failed to identify a cognizable retaliation claim on her Complaint (*Id.*). Finally, Defendants argue that Defendant Ainvest Fintech, Inc. must be dismissed because Plaintiff was allegedly never employed by that entity (*Id.*).

In opposition to Defendants' motion to dismiss, Plaintiff argues that the Employment Agreement does not definitively dispose of Plaintiff's unpaid wages claim (NYSCEF Doc. 23 at pp. 15-20). Plaintiff further argues that Defendant has not submitted any documentary evidence that warrant dismissal of Plaintiff's retaliation claim (*Id.* at p. 7). Moreover, Plaintiff argues that dismissal of the whistleblower retaliation claim is improper because the Complaint adequately pleads whistleblower retaliation (*Id.* at pp. 20-22). Finally, Plaintiff argues that the Complaint sufficiently pleads that Defendant Ainvest Fintech, Inc. was also her employer (*Id.* at pp. 23-24).

656419/2023  LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL
Motion No. 001

Page 2 of 6

[* 2]

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

### B. Documentary Evidence

In support of this motion, Defendants submit the Employment Agreement under which Plaintiff was employed by Defendants and the affidavit of Defendant Ainvest Financial, Inc.'s

**656419/2023  LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL**
**Motion No. 001**

**Page 3 of 6**

3 of 6

CEO, Xing "Adam" Wang ("Adam Wang") (NYSCEF Docs. 9, 10). Defendants also submit e-mail correspondence from Plaintiff to Defendants' employees, between Plaintiff and Adam Wang, and between Plaintiff and Xiaowei "Edwards" Du ("Edwards Du"), of Defendant Ainvest, Inc.'s financial department (NYSCEF Docs. 11-13, 15, 21). Lastly, Defendants submit the termination letter pertaining, multiple versions of the proposed Independent Contractor Agreement, and a chart documenting Plaintiff's days off for the year 2023 (NYSCEF Docs. 14, 16-20).

Upon review, the Court finds that the documentary evidence submitted by Defendant fails to refute utterly Plaintiff's factual allegations and conclusively establish a defense as a matter of law pursuant to CPLR 3211(a)(1). Adam Wang's affidavit does not constitute sufficient documentary evidence, as affidavits are not documentary evidence and are not appropriate proof on a CPLR 3211(a)(1) motion to dismiss (*J.D. v Archdiocese of New York*, 214 A.D.3d 561 [1st Dept 2023]; *Johnson v Asberry*, 190 Ad3d 491 [1 st Dept 2021]). Furthermore, the Court finds that Plaintiff's unpaid wages and whistleblower retaliation claims are not definitively contradicted by the provided documentary evidence. There are disputes of fact as to whether Plaintiff's bonus was "discretionary" and whether it was granted or vested, for purposes of New York Labor Law § 190. Further, the conflicting accounts surrounding Plaintiff's termination create disputes of fact as to whether it was retaliatory in nature.

### C. Failure to State a Claim

Defendants' motion to dismiss based on Plaintiff's failure to state a claim is denied. As a preliminary matter, the allegations in the Complaint sufficiently state a claim for unpaid wages, whistleblower retaliation, and wrongful termination against Defendants. Plaintiff alleges that she is "entitled to an annual discretionary bonus" and that she was notified she would be paid the bonus of $15,000 within 15 days of her termination (NYSCEF Doc. 1 at ¶¶ 15, 41). Further, Plaintiff

**656419/2023  LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL**
**Motion No. 001**

**Page 4 of 6**

4 of 6

[* 4]

alleges that her employment was terminated following her attempts to report what she believed to be unlawful activities or practices (*Id.* at ¶¶ 30-31, 42). Plaintiff alleges in her complaint that Defendant Ainvest Fintech, Inc. was her employer (*Id.* at ¶ 13). On a pre-answer motion to dismiss, the Court must merely assess whether a plaintiff has stated a cause of action and does not take into consideration whether a plaintiff can ultimately establish its allegations (*African Diaspora Maritime Corp. v Golden Gate Yacht Club*, 109 AD3d 204 [1st Dept 2013]). Here, Plaintiff's allegations are sufficient to put Defendants on notice that they are being sued for unpaid wages, whistleblower retaliation, and wrongful termination. Whether Defendants are ultimately liable is not an issue to be determined on a pre-answer motion to dismiss but is to be assessed after further discovery.

Accordingly, it is hereby,

ORDERED that Defendants Ainvest Financial, Inc. and Ainvest Fintech's motion to dismiss Plaintiff Nikki Leos' Complaint is denied in its entirety; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Ainvest Financial, Inc. and Ainvest Fintech shall serve an Answer to Plaintiff's Complaint and any and all cross-claims; and it is further

ORDERED that on or before October 20, 2024, the parties shall meet and confer and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33@nycourts.gov. In the event the parties are for some reason unable to agree to a proposed preliminary conference order, the parties shall appear for an in-person preliminary conference on October 23, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

656419/2023   LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL           Page 5 of 6
Motion No. 001

5 of 6

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656419/2023   LEOS, NIKKI vs. AINVEST FINANCIAL, INC. ET AL**
**Motion No. 001**

**Page 6 of 6**

6 of 6