# Perez v CMH BBQ Holdings, LLC

## 2025 NY Slip Op 31201(U)

### April 9, 2025

### Supreme Court, New York County

### Docket Number: Index No. 161042/2023

### Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART **33M**

-----------------------------------------------------------------------X

JOSE MARIO PEREZ,

Plaintiff,

- v -

CMH BBQ HOLDINGS, LLC, DUE MILLA REALTY GROUP LLC, MIGHTY QUINN'S HOLDINGS LLC

Defendant.

-----------------------------------------------------------------------X

INDEX NO. 161042/2023

MOTION DATE 02/16/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 26, 27

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, and oral argument which took place on January 21, 2025, with Adam S. Hanski, Esq. appearing for Plaintiff Jose Mario Perez ("Plaintiff"), Michael J. Pospis, Esq. appearing for Defendant Due Milla Realty Group LLC ("Due Milla Realty Group LLC"), and Tyler Morris, Esq. appearing for Defendants CMH BBQ Holdings, LLC ("BBQ Holdings") and Mighty Quinn's Holdings LLC ("Mighty Quinn's Holdings"), Mighty Quinn's Holdings' motion for an order dismissing Plaintiff Complaint as against it is granted.

## I.     Background

Plaintiff is an individual with a disability who uses a wheelchair. Due Milla Realty Group LLC owns the premises at 103 Second Avenue, New York, New York, 10003 ("Premises"). BBQ Holdings leased the Premises and operated the restaurant "Mighty Quinn's BBQ." Mighty Quinn's Holdings is the parent company of BBQ Holdings. Plaintiff alleges that BBQ Holdings, Due Milla Realty Group LLC, and Mighty Quinn's Holdings (collectively "Defendants") discriminated

**161042/2023   PEREZ JR., JOSE MARIO vs. CMH BBQ HOLDINGS, LLC ET AL**
**Motion No. 001**

Page 1 of 5

against him when he attempted to enter the Premises on multiple occasions from June 2019 through April 2023 but could not because there was no wheelchair ramp (*see* NYSCEF Doc. 1 at ¶ 31).

In 2019, Plaintiff sued Due Milla Realty Group LLC and BBQ Holdings in the Southern District of New York ("Federal Court") (*see* NYSCEF Doc. 24). Plaintiff asserted claims under Title III of the Americans with Disability Act §§ 1281, *et seq.* ("Americans with Disability Act") and other state and local laws, including New York City Administrative Code §§ 8-101, *et seq.* ("New York City Human Rights Law"). In April 2023, the Federal Court dismissed Plaintiff's Americans with Disability Act claims because BBQ Holdings closed operations at the Premises, thus dismissing Plaintiff's action for lack of subject matter jurisdiction, without prejudice to the state and local law claims (*see* NYSCEF Doc 13). On November 13, 2023, Plaintiff sued Defendants, including Mighty Quinn's Holdings, alleging violations of New York State Executive Law §§ 290, *et seq.* ("New York State Human Rights Law"), New York State Civil Rights Law §§ 40, *et seq.* ("New York State Civil Rights Law"), and New York City Human Rights Law §§ 8-101, *et seq.* (NYSCEF Doc. 1). Mighty Quinn's Holdings now seeks dismissal because it does not own, manage, or lease the Premises.

## II. Discussion

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373

**161042/2023   PEREZ JR., JOSE MARIO vs. CMH BBQ HOLDINGS, LLC ET AL**     **Page 2 of 5**
**Motion No. 001**

2 of 5

[2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

Mighty Quinn's Holdings is not an "owner" under the New York City Human Rights Law § 8-107(4)(a). Although the New York City Human Rights Law requires an independent liberal construction analysis targeted to its "uniquely broad and remedial" purposes (*Bennet v Health Mgt. Sys., Inc.*, 92 AD3d 29, 34 [1st Dept 2011]), the construction of the New York City Human Rights Law must be reasonable (*Doe v Bloomberg, L.P.*, 36 NY3d 450, 462 [2021]). Pursuant to New York City Human Rights Law 8-107(4)(a):

> "It shall be unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation . . . [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation[.]"

The documentary evidence identifies BBQ Holdings as a lessee of the Premises (NYSCEF Doc. 13; *see Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 134 [1st Dept 2014]). Mighty Quinn's Holdings' liability is alleged solely because it is the parent company of BBQ Holdings. Plaintiff argues that the term "owner" under New York City Human Rights Law's liberal statutory interpretation encompasses Mighty Quinn's Holdings because it is the corporate owner of the lessee, BBQ Holdings. However, this interpretation exceeds the bounds of reasonableness.

Even affording liberal interpretation, the reasonable construction of "owner" does not include the owner of a limited liability company. Such an interpretation would contravene provisions of corporate statutes and corporate principles at common law and could make member-owners of LLCs personally liable. The text of the New York City Human Rights Law demonstrates

**161042/2023   PEREZ JR., JOSE MARIO vs. CMH BBQ HOLDINGS, LLC ET AL**          **Page 3 of 5**
**Motion No. 001**

3 of 5

[* 3]

no intent to displace the settled legal principle that incorporation of a limited liability company enables its members to avoid personal liability (*Doe v Bloomberg, L.P.*, 36 NY3d 450, 461 [2021]; *see also* Limited Liability Company Law § 610). Nothing in the New York City Human Rights Law's language shows that the legislature intended to abrogate such principles, grounded in both statute and common law. The statute's silence precludes this Court from adopting such an expansive interpretation of "owner."

Further, the meaning of a particular term in a clause must be read and considered in relation to the other words with which it is grouped (*Shionogi, Inc. v Andrx Labs, LLC*, 187 AD3d 422, 422 [1st Dept 2020]). The canon of *noscitur a sociis* teaches that a word "is given more precise content by the neighboring words with which it is associated" (*Fischer v United States*, 603 US 480, 487 [2024]). It "avoids ascribing to one word a meaning so broad that it is inconsistent with the company it keeps" (*Id.*). The term "owner" is grouped with terms like "lessor," "lessee," "manager" and "superintendent" of a place or provider of public accommodation. These are real estate terms unrelated to corporate ownership. Any reasonable interpretation of "owner of a place or provider of public accommodation" excludes Mighty Quinn's Holdings as a member of the limited liability company BBQ Holdings.

Moreover, Plaintiff's allegations fail to support piercing the corporate veil. Piercing the corporate veil requires a showing that a parent company exercised complete domination of its subsidiary in respect to the transaction attacked and that such domination was used to commit a fraud or wrong against Plaintiff, causing Plaintiff's injury (*Franklin v Daily Holdings, Inc.*, 135 AD3d 87, 95-96 [1st Dept 2015]). Other than alleging that Defendants "own, lease, lease to, control or operate" the Premises, the Complaint does not sufficiently allege Mighty Quinn's Holdings exercised complete dominion of BBQ Holdings, abused the corporate form, or used its subsidiary

**161042/2023  PEREZ JR., JOSE MARIO vs. CMH BBQ HOLDINGS, LLC ET AL**
**Motion No. 001**

**Page 4 of 5**

to defraud Plaintiff (*see Id.* at 96). Consequently, since Plaintiff's allegations do not support piercing the corporate veil to impute BBQ Holdings' alleged liability to Mighty Quinn's Holdings, Plaintiff's New York State Human Rights Law and New York State Civil Rights Law claims fail as well. Thus, Mighty Quinn's Holdings motion to dismiss Plaintiff's Complaint is granted.

Accordingly, it is hereby,

ORDERED that Defendant Mighty Quinn's Holdings LLC's motion to dismiss Plaintiff Jose Mario Perez's Complaint as against it is granted and Plaintiff's Complaint against Defendant Mighty Quinn's Holdings LLC is dismissed; and it is further

ORDERED that the parties are directed to meet immediately and confer and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov as soon as possible, but no later than August 25, 2025. If the parties cannot agree to a proposed preliminary conference order, they shall appear for an in-person preliminary conference on August 27, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York. If the parties have settled, they shall notify the Court promptly via e-mail to SFC-Part33-Clerk@nycourts.gov and via letter correspondence uploaded to NYSCEF; and it is further

ORDERED that within 10 days of entry, counsel for Defendant Mighty Quinn's Holdings LLC shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/9/2025 | | May V Boca JSC |
| --- | --- | --- |
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161042/2023   PEREZ JR., JOSE MARIO vs. CMH BBQ HOLDINGS, LLC ET AL**     Page 5 of 5
**Motion No.  001**