## Project 188 Prop Co., LLC v Nick & Duke, LLC

2026 NY Slip Op 30849(U)

March 3, 2026

Supreme Court, New York County

Docket Number: Index No. 150185/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. PHAEDRA F. PERRY-BOND__     PART         35

*Justice*

-----------------------------------------------------------------------X

PROJECT 188 PROP CO., LLC

                      Plaintiff,

         - v -

NICK & DUKE, LLC,

                      Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150185/2025 |
| MOTION DATE | 04/10/2025 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for               __DISMISS__ .

Upon the foregoing documents, Defendant's motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is denied.

As alleged in the Complaint, Defendant owns the parcel of land known as 182-186 Eleventh Avenue, New York, New York together with the building on top of that land (hereinafter the "Property"). Plaintiff was interested in redeveloping the Property and in April of 2023, the parties began negotiating a purchase of the Property. The negotiations culminated in a purchase and sale agreement on June 21, 2024 (the "First PSA") which was later amended on July 2, 2024 (the "Amended PSA"). Because the Property contained a four-story residential rental, and Plaintiff sought to redevelop the property, Plaintiff allegedly agreed to purchase the Property contingent on Defendant evicting or voluntarily relocating the tenants living at the Property. However, Plaintiff claims Defendant failed to perform its end of the bargain by removing or relocating the tenants

According to Plaintiff, the parties were engaged in entering a Second Amended PSA to allow more time to close while Defendant worked on relocating or evicting tenants at the Property, but instead of entering a Second Amendment, Defendant delivered to Plaintiff a notice of default

dated August 19, 2024. Plaintiff rejected the notice of default and claimed Defendant was in breach based on its failure to buy out tenants and resolve ongoing lawsuits, and therefore could not hold Plaintiff in default. According to Plaintiff, Defendant could not perform under the Amended PSA because its attorneys handling the ongoing litigation with the Property's tenants were owed millions of dollars and withdrew as counsel.

Plaintiff now sues Defendant for specific performance, injunctive relief, attorneys' fees, and breach of contract. Defendant moves to dismiss. Defendant argues, without any supporting evidence, that Plaintiff failed to comply with certain requirements to deposit monies in escrow pursuant to the parties' agreement, which is why the notice of default was sent. In opposition, Plaintiff argues the motion, supported solely by an attorney affirmation and documents related to the parties' purchase and sale agreement, are insufficient to succeed on a pre-answer motion to dismiss. Defendant offers no reply.

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). A motion to dismiss based on documentary evidence is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]).

150185/2025   PROJECT 188 PROP CO., LLC vs. NICK & DUKE, LLC                    Page 2 of 4
Motion No. 001

2 of 4

[* 2]

The motion to dismiss based on documentary evidence is insufficient as the termination notice, notice of default, and Amended Agreement alone do not utterly refute Plaintiff's allegations regarding Defendant's breach via its failure to remove tenants from the Property. Whether Defendant properly terminated the contract or whether it was in breach at the time of its notice of default is an issue of fact which requires discovery and a more fully developed record. Because the documentary evidence fails to utterly refute Plaintiff's allegations that it performed and Defendant improperly attempted to terminate the contract, the argument that Plaintiff's Complaint fails to state a claim is equally meritless. Given the sparse record offered in support of the motion, and considering this is a pre-answer motion to dismiss, Defendant's motion to dismiss is denied.

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiff's Complaint is denied; and it is further

ORDERED that within twenty days of entry counsel for Defendant shall serve its Answer to Plaintiff's Complaint; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail, but in no event shall the proposed order be submitted any later than April 14, 2026. If the parties have a serious discovery dispute, they shall notify the Court via e-mail so that an in-person conference can be scheduled; and it is further

ORDERED that if the parties elect to resolve their dispute via Court sponsored ADR, they shall notify the Court so the appropriate referral order can be issued; and it is further

150185/2025  PROJECT 188 PROP CO., LLC vs. NICK & DUKE, LLC                Page 3 of 4
Motion No. 001

3 of 4

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on Defendant via NYSCEF.

This constitutes the Decision and Order of the Court.

_3/3/26_
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150185/2025  PROJECT 188 PROP CO., LLC vs. NICK & DUKE, LLC**
**Motion No.  001**

**Page 4 of 4**

[* 4]