■ MICHAEL SAPERSTEIN, Appellant, v ADAM LEWENBERG et al., Respondents. [782 NYS2d 720]—Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered August 21, 2003, after a nonjury trial, which directed that defendants' attorney return the balance of plaintiff's security deposit and $60,000 in prepaid rent, unanimously affirmed, with costs.

A judgment rendered after a bench trial should not be disturbed unless it is obvious that the court's conclusions cannot be supported by any fair interpretation of the evidence, particularly where the credibility of witnesses is central to the case (*Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297 [1989], *lv denied* 76 NY2d 702 [1990]). Review of the evidence reveals no basis for disturbing the court's findings. Plaintiff's version is, at best, equivocal as to whether there was a termination resulting from the parties' conduct. His attempt to draw support for this position from defendants' successful effort to mitigate damages by reletting the premises is wholly illogical. In fact, plaintiff's counsel had written to advise that defendant should relet in order to mitigate damages.

Dismissal of defendants' counterclaims is implicit in the court's determination. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.