█ RAFAEL BERROA, SR., Respondent, v JASON MISRAHI, Appellant, et al., Defendant. [943 NYS2d 17]—

Order, Supreme Court, New York (Kibbie F. Payne, J.), entered January 28, 2011, which, to the extent appealed from as limited by the briefs, following a nonjury trial, cancelled the mortgage and lien possessed by defendant Jason Misrahi and dismissed the counterclaim, unanimously affirmed, with costs.

The record supports the trial court's finding that plaintiff is the Rafael Berroa who owned the apartment that was pledged as collateral for a mortgage given to defendant Misrahi by defendant Rafael Berroa, Jr., plaintiff's son, without plaintiff's knowledge or authorization (*see Saperstein v Lewenberg*, 11 AD3d 289 [2004]). Notwithstanding plaintiff's impaired mental capacity at the time of trial, his testimony indicated that he, not his son, owned the apartment and that he did not authorize his son to act for him. The building manager testified that plaintiff was the Rafael Berroa who owned the apartment and that plaintiff's son was not the owner. Misrahi submitted no evidence that controverted this testimony. Misrahi relied on the son's possession of the stock certificate and possession of the proprietary lease as indicia of ownership. However, the son's

driver's license, which was presented as identification at the closing, lists his name as "Rafael Berroa Cruz," which does not match the name on the stock certificate and the lease.

Contrary to Misrahi's contention, plaintiff's default in replying to his counterclaim is not the equivalent of an answer that fails to deny the substantive allegations of the complaint and is deemed an admission of those allegations (*see Ballard v Billings & Spencer Co.*, 36 AD2d 71, 74 [1971]). In any event, the counterclaim was correctly dismissed in light of the finding in favor of plaintiff on the case in chief. Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Roman, JJ.