■ 87 CHAMBERS, LLC, et al., Appellants, et al., Intervening Plaintiff, v 77 READE, LLC, et al., Respondents, et al., Defendants. (And Other Third-Party Actions.) Appellant. [980 NYS2d 444]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 2, 2012, which denied appellants' motion for leave to amend their complaint to add claims of gross negligence and punitive damages, unanimously reversed, on the law, with costs, and the motion granted.

Appellants made the requisite evidentiary showing in support of their proposed new claims for gross negligence (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116 [1st Dept 1998]). Among other things, the record contains evidence that, on April 9, 2009, three weeks before appellants' building partially collapsed, the Department of Buildings (DOB) issued defendant 77 Reade, LLC, a violation, warning that "drilling operations" being performed as part of a construction project on 77 Reade's property were causing "cracking and sagging" of the northwest corner of appellants' building, situated on an adjacent lot. DOB directed respondents to "stop all work at North side of lot," the side closest to appellants' building, but there is record evidence that respondents continued such work, leading to the collapse of appellants' building.

Appellants' motion was timely filed and respondents have not shown that they would be prejudiced by granting appellants' leave to assert the new claims. Among other things, appellants are not prejudiced by the mere fact of exposure to potentially greater liability in the form of punitive damages (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *Letterman v Reddington*, 278 AD2d 868 [4th Dept 2000]). Concur—Sweeny, J.P., Renwick, Moskowitz, Richter and Gische, JJ.