Emmerling v Agola (2018 NY Slip Op 00655)





Emmerling v Agola


2018 NY Slip Op 00655


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


40 CA 17-00819

[*1]CRAIG EMMERLING, PLAINTIFF-RESPONDENT,
v
CHRISTINA A. AGOLA AND CHRISTINA A. AGOLA ATTORNEYS & COUNSELORS AT LAW, PLLC, DEFENDANTS-APPELLANTS. 






CHRISTINA A. AGOLA, WEBSTER, DEFENDANT-APPELLANT PRO SE.
ROBERT L. BURKWIT, ROCHESTER, FOR DEFENDANT-APPELLANT CHRISTINA A. AGOLA ATTORNEYS & COUNSELORS AT LAW, PLLC. 
E. PETER PFAFF, EAST AURORA, FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), entered July 5, 2016. The judgment awarded plaintiff money damages following a bench trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff entered into a series of three legal services contracts, pursuant to which defendants agreed to provide legal representation for him in several legal actions. Plaintiff provided defendants with a separate retainer in each of the three contracts, all of which included payment of a retainer for disbursements: $7,500 in the first contract, $7,500 in the second and $3,500 in the third. Defendants refused to return the unexpended portions of those retainers at the conclusion of the actions. Plaintiff commenced this action asserting, inter alia, that defendants breached their fiduciary duty in failing to account for costs and disbursements (second cause of action). Supreme Court issued a judgment after a bench trial, awarding damages on that cause of action in the amount of the unexpended fees. Defendants appeal.
Initially, we note that we do not consider defendants' contentions with respect to the first cause of action, seeking damages for fraud, inasmuch as the court did not grant any relief with respect to that cause of action.
We reject defendants' contention that the court erred in denying that part of their pretrial motion to dismiss with respect to the second cause of action, inasmuch as plaintiff stated a cause of action for breach of fiduciary duty therein (see Englert v Schaffer, 61 AD3d 1362, 1363-1364 [4th Dept 2009]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
We also reject defendants' contention that the court erred in denying their posttrial motion pursuant to CPLR 4404 (b). In support of their motion, defendants contended that the evidence failed to support the court's conclusion that they entered into a contingency fee arrangement with plaintiff because the words "flat fee" were handwritten on the agreement, and thus all money paid by plaintiff became the property of defendants. In opposing the motion, plaintiff contended that the evidence, including his copy of the retainer agreement that lacked those handwritten words, established that the parties entered into a contingency fee arrangement and that the money paid by plaintiff was intended to be used only for disbursements. The court implicitly denied the motion by granting a money judgment in favor of plaintiff.
"A judgment rendered after a bench trial should not be disturbed unless it is obvious that [*2]the court's conclusions cannot be supported by any fair interpretation of the evidence, particularly where the credibility of witnesses is central to the case" (Saperstein v Lewenberg, 11 AD3d 289, 289 [1st Dept 2004]). Here, we agree with the court that "the retainer agreements between [defendants] and the client[] in question provide that the funds at issue were to be used for disbursements, precluding [defendants'] contention that the funds became [defendants'] property . . . upon receipt" (Matter of Agola, 128 AD3d 78, 83 [4th Dept 2015], appeal dismissed 25 NY3d 1181 [2015], lv denied 26 NY3d 919 [2016], cert denied — US &mdash, 136 S Ct 2473 [2016]). Consequently, the court properly determined that defendants committed misconduct and violated their fiduciary duty to plaintiff, and that plaintiff sustained damages as a result thereof. Therefore, the court properly awarded damages for the second cause of action, and also properly denied the posttrial motion.
Finally, defendants contend that the court erred in refusing to reduce the judgment by $1,600, which defendants contend that they spent to copy plaintiff's file and provide it to him. The only evidence introduced on that issue was the testimony of defendant Christina A. Agola, which was contradicted by her deposition testimony that she did not keep a copy of plaintiff's file, and which the court declined to credit. We see no basis to reject the court's credibility determination (see id. at 86), and we therefore we reject defendants' contention.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court