Rustic LES, Inc. v 124 Ridge LLC (2022 NY Slip Op 00388)





Rustic LES, Inc. v 124 Ridge LLC


2022 NY Slip Op 00388


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 157993/14 Appeal No. 15139-15139A Case No. 2021-02440, 2021-02441 

[*1]Rustic LES, Inc., Plaintiff-Respondent,
v
124 Ridge LLC, Defendant-Appellant, Steven Croman, Defendant.


Rose & Rose, New York (James E. Bayley of counsel), for appellant.
Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol Ruth Feinman, J.), entered February 19, 2021, awarding plaintiff the principal amount of $205,000, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 22, 2020, which, after a nonjury trial, found in favor of plaintiff on its breach of contract and constructive eviction causes of action and awarded damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court's findings are supported by a fair interpretation of the evidence (see Saperstein v Lewenberg, 11 AD3d 289 [1st Dept 2004]). The testimony of plaintiff's principal, documentary evidence and photographs support the findings that plaintiff was constructively evicted from the basement and backyard space. Defendant's ongoing performance of construction at the premises including its removal of the roof and demolition of the leased premises resulted in a failure on the part of defendant to deliver under the lease and constituted a breach of the lease. 
Defendant's gross negligence in removing the roof of the building while plaintiff was in possession and destroying plaintiff's property and improvements in the leased premises constitutes a breach of the covenant of quiet enjoyment and entitles plaintiff to indemnification for its losses under the lease (see 87 Chambers, LLC v 77 Reade, LLC, 114 AD3d 525 [1st Dept 2014]). The award of $125,000 is supported by the testimony of plaintiff's principal as to the amount plaintiff invested in renovating the space to operate the restaurant, which was uncontroverted by any evidence submitted by defendant (see Dinicu v Groff Studios Corp., 257 AD2d 218, 224 [1st Dept 1999]; Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 88-89 [1st Dept 2012]).
A fair interpretation of the evidence also supports the finding that plaintiff sustained $80,000 in damages as a result of defendant's unreasonable refusal to consent to the assignment of the lease to a qualified buyer that had agreed to purchase the business for $80,000. To the extent that claim either was not pleaded, the court providently exercised its discretion under CPLR 3025(c) in deeming the pleadings amended to conform to the evidence at trial, despite the absence of a motion (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Pastreich v Pastreich, 176 AD3d 449, 450 [1st Dept 2019]). Defendant was not unfairly prejudiced, as it had the opportunity to cross-examine the witness on the issue and to address the issue in posttrial submissions. We note that defendant elicited testimony that the $80,000 offer to purchase plaintiff's business represented the value of the business at the time; thus, the award also compensates plaintiff for the loss of its business following the issuance of the stop work order (see W.T. Grant Co. v Srogi, 52 NY2d 496, 511 [1981] ["the purchase price set in the course of an arm's length transaction of recent vintage, if not explained away [*2]as abnormal in any fashion, is evidence of the highest rank to determine the true value of the property at that time"] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022