■ STEPHANIE BARNES, Respondent, v WAYNE F. HODGE, Defendant, and UNITED PARCEL SERVICE, INC., Appellant. [989 NYS2d 467]—

Order, Supreme Court, New York County (George J. Silver, J.), entered March 6, 2013, which, insofar as appealed from, denied the motion of defendant United Parcel Service, Inc. (UPS) to dismiss plaintiff's claim for punitive damages, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff pedestrian alleges that she was struck by a vehicle owned by UPS, and operated by its driver, defendant Hodge, while she was in an crosswalk. At issue is plaintiff's demand for punitive damages.

To hold UPS vicariously liable for punitive damages, plaintiff must establish that UPS "authorized, participated in, consented to or ratified the conduct giving rise to such damages" (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 42 [1st Dept 2009]; *Ostroy v Six Sq. LLC*, 100 AD3d 493, 495 [1st Dept 2012]). We must consider whether the complaint contains the requisite allegations that "the wrongdoing is intentional or deliberate, presents circumstances of aggravation or outrage, evinces a fraudulent or evil motive, or is in such conscious disregard of the rights of another that it is deemed willful and wanton" (*Bishop v 59 W. 12th St. Condominium*, 66 AD3d 401, 402 [1st Dept 2009]; *see also Giblin v Murphy*, 73 NY2d 769, 772 [1988]).

"Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). Here, the complaint alleges in conclusory and conjectural fashion that "defendants were grossly, willfully and wantonly negligent and acted with reckless indifference to the health and safety of plaintiff." These legal conclusions are insufficient as the complaint does not allege any facts to demonstrate that

UPS engaged in conduct which rose to the high level of moral culpability to support a claim for punitive damages (*see Coville v Ryder Truck Rental, Inc.*, 30 AD3d 744, 745 [3d Dept 2006]). Plaintiff cannot maintain the punitive damages demand on the hope that discovery might someday provide a basis for it (*see Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 451 [1st Dept 2009], *affd* 16 NY3d 173 [2011]). However, should discovery reveal facts supporting a claim for punitive damages, plaintiff could of course move for leave to replead the demand (*see 87 Chambers, LLC v 77 Reade, LLC*, 114 AD3d 525 [1st Dept 2014]). Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.