Aykac v City of New York (2023 NY Slip Op 05976)

Aykac v City of New York

2023 NY Slip Op 05976

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 805009/22 Appeal No. 1051 Case No. 2022-04674 

[*1]Ilter Aykac, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered October 21, 2022, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to reinstate plaintiff's claim for failure to accommodate under the New York City Human Rights Law, and otherwise affirmed, without costs.
Plaintiff, a former detective for the New York City Police Department (NYPD), commenced this action against defendants alleging a number of tort claims and claims under the New York City Human Rights Law. Plaintiff alleges that defendants' conduct forced him to retire from the NYPD.
Plaintiff's tort claims were properly dismissed, as he failed to file a notice of claim within 90 days of their accrual (see General Municipal Law § 50-e; see also Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 600 [1st Dept 2022]). The time-barred allegations include plaintiff's claim that defendant Dr. Leon Eisikowitz, an NYPD Medical Division doctor, called him a malingerer and directed him to return to work, despite his medical condition, and his claim that Dr. Eisikowitz advised him not to follow up on a mass on his kidney. Plaintiff's contention that the claims against Dr. Eisikowitz are timely because he is being sued in his individual capacity is unavailing because the allegations clearly stem from Dr. Eisikowitz's role as an NYPD Medical Division doctor (see Parpounas v Ohagan, 216 AD3d 985 [2d Dept 2023]). The remaining allegations are simply insufficient to support any of his tort claims (see Barnes v Hodge, 118 AD3d 633, 633 [1st Dept 2014]).
Even if all the allegations were timely, plaintiff's claim for medical malpractice requires dismissal, as the complaint fails to allege that he sought Dr. Eisikowitz's professional services for the purposes of medical or surgical treatment (see Rodriguez v Saal, 43 AD3d 272, 274 [1st Dept 2007]). Plaintiff's negligence claim must be dismissed, as it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment" and, thus, sounds in medical malpractice (Weiner v Lenox Hill Hosp., 88 NY2d 784, 788 [1996]). The complaint also fails to plead the necessary elements for gross negligence, intentional infliction of emotional distress, and negligent hiring, training, and retention (see e.g. Barnes, 118 AD3d at 633).
Plaintiff has sufficiently alleged that defendants failed to accommodate his disability under the New York City Human Rights Law (Administrative Code § 8-107[a][17]). The complaint alleges that defendants were aware of plaintiff's cancer diagnosis and difficulties breathing after being hospitalized for COVID-19, but they failed to engage him in a good-faith interactive process to assess his needs and consider his request to work from home (Estate of Benitez v City of New York, 193 AD3d 42, 47-49 [1st Dept 2021]). These allegations, coupled with his allegation that he would have continued working if his request for reasonable accommodation was granted[*2], are sufficient to state a cognizable claim for failure to accommodate his disability under the City Human Rights Law (see id.; see also Watson v Emblem Health Servs., 158 AD3d 179, 182 [1st Dept 2018]).
Plaintiff's discrimination claim was properly dismissed, as the complaint fails to allege that plaintiff was "treated less well" or "disadvantaged" because of his disability (see Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]). Dr. Eisikowitz's few comments regarding plaintiff's weight and his "malingering" are unrelated to his disability and, in any event, constitute petty slights and trivial inconveniences (see Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009]). As for the retaliation claim, plaintiff's vague, generalized complaints about Dr. Eisikowitz's treatment of him to an unspecified person or authority do not constitute protected activity (see Lent v City of New York, 209 AD3d 494 [1st Dept 2022]). Moreover, he fails to allege facts showing that defendants "took an action that disadvantaged [him]" after complaining about discriminatory conduct (Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]).
The motion court providently denied plaintiff's motion for leave to amend the complaint, where the proposed new allegations fail to remedy the defects in his original pleading with respect to the claims dismissed (see Mestel & Co. v Smythe, Masterson & Judd, Manda Weintraub, 181 AD2d 501, 502 [1st Dept 1992]; see also Risk Control
Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 151 AD3d 527, 527 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023