| **Judah v Behm** |
| --- |
| 2025 NY Slip Op 30045(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155936/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
| | *Justice* | | |

-------------------------------------------------------------X

ALLEGRA JUDAH

Plaintiff,

- v -

ANDREW BEHM,

Defendant.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155936/2024 |
| MOTION DATE | 08/07/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 were read on this motion to/for _____ DISMISSAL _____ .

Upon the foregoing documents, and a final submission date of August 23, 2024, Defendant Andrew Behm's ("Defendant") motion seeking dismissal of Plaintiff Allegra Judah's ("Plaintiff") Verified Complaint pursuant to CPLR 3211(a)(1), and (a)(7) is granted in part and denied in part.

## I.    Background

For a more thorough recitation of the facts, see this Court's Decision and Order on Motion Sequence 001. Defendant moves to dismiss this action pursuant to CPLR 3211(a)(1) and 3211(a)(7).

## II.    Discussion

### A. Standard

A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L.*

155936/2024  JUDAH, ALLEGRA vs. BEHM, ANDREW
Motion No. 002

Page 1 of 5

[* 1]

*v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

## B. Replevin and Conversion

A cause of action for conversion requires a showing of a possessory interest in the property, and the defendant's interference with it (*Reif v Nagy*, 175 AD3d 107, 120 [1st Dept 2019], *affd* 199 Ad3d 616 [1st Dept 2021]). To state a cause of action for replevin, a plaintiff must establish a superior possessory right to property in a defendant's possession (*Id.*). New York law has recognized that the applicable standard of possession of a pet is the "best for all concerned" (*Raymond v Lachmann*, 264 Ad2d 340, 341 [1st Dept 1999]). This is a fact intensive inquiry not suitable for determination on a motion to dismiss. At this juncture, taking the facts alleged as true, this Court finds that Plaintiff pleaded sufficiently alleged a superior possessory interest to support

**155936/2024 JUDAH, ALLEGRA vs. BEHM, ANDREW**
Motion No. 002

**Page 2 of 5**

causes of action for replevin and conversion. Defendant's motion to dismiss is denied as to Plaintiff's replevin and conversion claims.

### C. Declaratory Judgment

Plaintiff seeks a judicial declaration that she is the sole rightful owner of Georgia Peach, that her possessory interest is superior to Defendant's, and that Georgia Peach must be returned to Plaintiff (*see generally* NYSCEF Doc. 1). This relief is duplicative of Plaintiff's causes of action for replevin and conversion, which require a determination of Plaintiff's possessory interest in Georgia Peach, declaratory judgment would be duplicative (*Upfront Megatainment, Inc. v Thiam*, 215 AD3d 576, 578 [1st Dept 2023]). Therefore, Defendant's motion to dismiss Plaintiff's declaratory judgment claim is granted.

### D. Intentional and Negligent Infliction of Emotional Distress

A cause of action for intentional infliction of emotional distress must allege (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress (*Brown v New York Design Ctr., Inc.*, 215 A.D.3d 1, 6 [1st Dept 2023]). To recover for negligent infliction of emotional distress in the absence of physical injury, evidence sufficient to guarantee the genuineness of the claim is required (*Id.* at 5). However, intent to cause distress and extreme and outrageous conduct are not essential elements of a cause of action for negligent infliction of emotional distress (*Id.* at 7).

Here, Plaintiff alleges that Defendant's refusal to return Georgia Peach caused her emotional distress. Accepting the facts alleged as true, as this Court must, the complaint states a claim for negligent infliction of emotional distress. Thus, Defendant's motion to dismiss is denied as to Plaintiff's negligent infliction of emotional distress claims. Moreover, the Court finds that withholding a dog that is subject to a shared custody agreement may rise to the level of extreme

155936/2024  JUDAH, ALLEGRA vs. BEHM, ANDREW
Motion No. 002

Page 3 of 5

3 of 5

[* 3]

and outrageous conduct required to support an intentional infliction of emotional distress cause of action. Today, many couples treat pets as the equivalent to children, and therefore refusal to share the dog in accordance with a shared custody agreement may be extreme and outrageous to some. Accepting the alleged facts as true, the Court denies Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claims.

### E. Specific Performance

Plaintiff asks this Court to order Defendant to return Georgia Peach, which is the same relief sought in Plaintiff's replevin cause of action. Therefore, Plaintiff's cause of action for specific performance is dismissed as duplicative.

### F. Monies Owed

Plaintiff alleges that Defendant owes her $2,615.29 for items including rent, insurance, and electric contributions from when the parties lived together. Plaintiff references text messages between the parties discussing this debt. To state a claim for unjust enrichment, a plaintiff must allege that the defendant was enriched at the plaintiff's expense, against equity and good conscience (*Schroeder v Pinterest Inc.*, 133 A.D.3d 12, 26 [1st Dept 2015]). A relationship between the parties that could have caused reliance or inducement is required (*Id.*). At this stage in the proceedings, it would be premature for this Court to decide whether this was a binding agreement or a gift. Thus, Defendant's motion to dismiss Plaintiff's monies owed claim is denied.

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiff's Verified Complaint is granted in part and denied in part; and it is further

ORDERED that Defendant's motion to dismiss Plaintiff's First Cause of Action for replevin, Second Cause of Action for conversion, Fourth Cause of Action for Intentional Infliction

**155936/2024  JUDAH, ALLEGRA vs. BEHM, ANDREW**
**Motion No. 002**

**Page 4 of 5**

of Emotional Distress, Fifth Cause of Action for negligent infliction of emotional distress, and Seventh Cause of Action for monies owed are denied; and it is further

ORDERED that Defendant's motion to dismiss Plaintiff's Third Cause of Action for Declaratory Judgment and Sixth Cause of Action for Specific Performance is granted; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Defendant Andrew Behm shall serve an Answer to Plaintiff's Verified Complaint; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on Plaintiff via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/6/2025 | | | | | _M. V. Rosado J.S.C._ | | |
|----------|---|---|---|---|--------------------------------|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155936/2024  JUDAH, ALLEGRA vs. BEHM, ANDREW**
**Motion No.  002**

Page 5 of 5