| |
|---|
| **Lewis v Museum of Arts & Design** |
| 2025 NY Slip Op 30582(U) |
| February 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152660/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**                    PART          **33M**

                                  *Justice*

-------------------------------------------------------------------------X    INDEX NO.          152660/2024

DENISE LEWIS                                                MOTION DATE        05/08/2024

                 Plaintiff,                       MOTION SEQ. NO.      001

          - v -

MUSEUM OF ARTS AND DESIGN,                                 **DECISION + ORDER ON**
                                  **MOTION**
                 Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 9, 10, 11

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, and after a final submission date of December 3, 2024,

Defendant Museum of Arts and Design's ("Defendant") motion to dismiss Plaintiff Denise Lewis'

("Plaintiff") Complaint is denied.

### I.      Background

Plaintiff was formerly employed as chief financial officer ("CFO") at the Museum of Arts

and Design. As alleged in the Complaint, she served as CFO for almost seven years. Plaintiff

reported to the Director of the Museum of Arts and Design. In September of 2021, Timothy

Rodgers ("Rodgers") became the Director of the Museum of Arts and Design. Allegedly, Plaintiff

objected to Defendant paying for Mr. Rodgers' personal expenses, including expenses related to

Mr. Rodgers moving into a second home in Connecticut. In October of 2023, Mr. Rodgers

allegedly requested reimbursement for a weeklong personal vacation in Mexico and charged $600

for a rug to his corporate credit card.

Plaintiff informed Defendant's Board Chair, Michele Cohen ("Cohen"), about Mr.

Rodgers' request for reimbursements. She also complained that Mr. Rodgers' husband was

receiving health coverage at Defendant's expense, even though that benefit was not afforded to any other employee. Shortly thereafter, on January 8, 2024, Mr. Rodgers terminated her. On January 19, 2024, Plaintiff's attorney sent a letter to Defendant asserting a whistleblower retaliation claim. Plaintiff alleges she was further retaliated against for asserting this claim because Defendant failed to provide Plaintiff with copies of Continuing Professional Education certificates she kept on Defendant's computer system. On March 22, 2024, Plaintiff filed a Complaint against Defendants alleging a violation of Not-for-Profit Corporation Law § 715-b and Labor Law § 740. Defendant moves pre-answer to dismiss Plaintiff's Complaint.

## II.     Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]).

### B. Not-for-Profit Corporation Law § 715-b

Defendant's motion to dismiss Plaintiff's cause of action alleging a violation of Not-for-Profit Corporation Law § 715-b is denied. Defendant argues that because Plaintiff alleges she was a CFO, she is not entitled to a cause of action under § 715-b. According to Defendant, high ranking officers such as Plaintiff are protected by Not-for-Profit Corporation Law § 112(a)(7), which

[* 2]

authorizes the New York Attorney General to enforce any right given to a "director or an officer of a charitable corporation."

As a preliminary matter, the Court finds it is inconclusive whether Plaintiff can be considered an officer or an employee. Not-for-Profit Corporation Law § 713 defines officers as those whom "the board may elect or appoint" and states officers "shall hold office for the term for which he is elected or appointed, and until his successor has been elected or appointed and qualified." Defendant has failed to produce any documents, including its charter, by-laws, meeting minutes of the Board, or an employment contract, that would definitively establish whether Defendant classified Plaintiff as an employee or an officer of the corporation. At this pre-pleading stage, there is no evidence that Plaintiff was elected or appointed by the Board. She specifically alleges she was hired, and her employment, based on the allegations, was seemingly at-will, indicating she was not an appointed or elected officer within the meaning of Not-for-Profit Corporation Law § 713 (*see also Rosen v Zionist Organization of America*, 225 AD3d 575 [1st Dept 2024]).

Even if Plaintiff is not an employee, she still maintains an implied cause of action under the Not-for-Profit Corporation Law§ 715-b. This Court disagrees with Defendant's interpretation that simply because the Attorney General may prosecute a not-for-profit corporation for the violation of a director or officer's rights, then directors and officers are deprived of private redress for whistleblower retaliation under the Not-for-Profit Corporation Law. Based on this reading, if a CFO's secretary blows the whistle and is retaliated against, then the secretary may sue for retaliation, but if the CFO is the whistleblower and is retaliated against, she has no redress under the Not-for-Profit Corporation Law. This formalistic interpretation runs contrary to the spirit of § 715-b.

The text of § 715-b states it was enacted "to protect from retaliation persons who report suspected improper conduct" and explicitly states that "no…officer…who in good faith reports any action or suspected action taken by or within the corporation that is illegal, fraudulent or in violation of any adopted policy of the corporation shall suffer intimidation, harassment, discrimination or other retaliation…". Given this language, it runs contrary to the Legislature's intent to bar officers from maintaining private causes of action for whistleblower retaliation. Defendant's reliance on § 112 is misplaced, as that section merely states "the attorney-general may maintain an action…to enforce any right given under this chapter to…an officer of a charitable corporation." Section 112 merely provides the attorney general with the right to maintain the action but does not mandate her to prosecute. Nor does the statute give exclusive authority to prosecute to the attorney general. Depriving officers of a private cause of action under § 715-b would result in violations of § 715-b going unaccounted for in instances where the Attorney General elects not to prosecute the allegedly violative not-for-profit corporation. This could not have been the Legislature's intent given the clear and express language of § 715-b. Therefore, Defendant's motion to dismiss Plaintiff's Not-for-Profit Corporation Law § 715-b is denied.

**C. Labor Law § 740 Retaliation**

Defendant's motion to dismiss Plaintiff's Labor Law § 740 retaliation claim is denied. Labor Law § 740 prohibits retaliation against any employee who "discloses or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation." The employee complaining of retaliation need not report an actual violation but must only demonstrate a "reasonable belief" that a law, rule, or regulation was violated (*Pierce v Better Holdco, Inc.*, 2023 WL 6386920 at \*6 [SDNY 2023]). The failure to properly administer a non-profit's assets and income to ensure it

152660/2024  LEWIS, DENISE vs. MUSEUM OF ARTS AND DESIGN
Motion No. 001

Page 4 of 6

does not improperly inure to the benefit of a director can constitute a violation of Non-Profit Corporation Law §§ 102(a)(5), 515(a), and 515(b).

Plaintiff alleges she believed Defendant paying for Mr. Rodgers' moving expenses to his second home in Connecticut, and paying for Mr. Rodgers' husband's health care coverage, despite not providing the same benefit to any other employee, was a violation of the organization's policy and evidence of corporate waste. In response to Plaintiff's Complaint about expenses related to Mr. Rodgers' second home, Plaintiff was told to "let it go" and after her complaint about the health care coverage, Plaintiff was terminated within a month. Plaintiff alleges during her seven-year tenure at the Museum of Arts and Design, Defendant always operated at a loss. This lends credence to her belief that the Museum of Arts and Design was improperly utilizing its assets and profits for the benefit of its director, Mr. Rodgers. Accepting Plaintiff's allegations as true, and considering the CPLR's lenient pleading standard, Plaintiff's Labor Law § 740 claim is pled sufficiently to survive a pre-answer motion to dismiss (*see also Herskowitz v State*, 222 AD3d 587, 588 [1st Dept 2023]).

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiff's Complaint is denied in its entirety; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Defendant shall serve an Answer to Plaintiff's Complaint; and it is further

ORDERED that the parties are directed to meet and confer and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. The parties shall submit the proposed preliminary conference order no later than May 12, 2025. If the parties cannot agree to a proposed order, they shall appear for an in-person preliminary conference

152660/2024  LEWIS, DENISE vs. MUSEUM OF ARTS AND DESIGN
Page 5 of 6
Motion No. 001

[* 5]
5 of 6

on May 14, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/20/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | HON. MARY V. ROSADO, J.S.C. | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

152660/2024 LEWIS, DENISE vs. MUSEUM OF ARTS AND DESIGN
Motion No. 001

Page 6 of 6