**Huaman v United Airlines, Inc.**

2025 NY Slip Op 31395(U)

April 21, 2025

Supreme Court, New York County

Docket Number: Index No. 160784/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO** PART **33M**

*Justice*

------------------------------------------------------------------X

JOSE HUAMAN,

                         Plaintiff,

                   - v -

UNITED AIRLINES, INC.,ANTHONY SERRAO

                       Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160784/2023 |
| MOTION DATE | 02/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 29, 53, 54

were read on this motion to/for                   **DISMISS**            .

Upon the foregoing documents, and after oral argument, which took place on February 11, 2025, where Michael G. O'Neill, Esq. appeared for Plaintiff Jose Huaman ("Plaintiff"), and Jesse Grasty, Esq. appeared for Defendants United Airlines, Inc. ("United") and Anthony Serrao ("Serrao") (collectively "Defendants"), Defendants' motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(7) and (a)(8) is denied.

## I.    Background

In July of 2020, Plaintiff was employed by United as a senior maintenance supervisor at LaGuardia airport, when his manager changed to Anthony Serrao. Allegedly, Serrao demoted Plaintiff and simultaneously increased Plaintiff's territories to include not only LaGuardia, but also JFK International and Newark International Airports. Plaintiff, who is Peruvian, alleges that his white colleagues did not receive a title change and remained responsible for only one airport.

In March of 2021, Plaintiff underwent surgery and missed several weeks of work. When he returned, Serrao allegedly gave him a poor performance review, which was the first time he had received such a review in over ten years of employment with United. Plaintiff underwent another

160784/2023  HUAMAN, JOSE vs. UNITED AIRLINES, INC. ET AL                 Page 1 of 6
Motion No. 001

1 of 6

[* 1]

surgery in May of 2023 and when he returned Serrao had increased his working schedule in New Jersey, making his commute more burdensome. Plaintiff alleges during this time, Serrao forced out other minority supervisors and replaced them with less qualified white supervisors, while also denying qualified women and minorities for promotions. In the summer of 2023, Plaintiff alleges that Serrao suspended him and four other minority employees for allegedly violating company rules, even though white supervisors had also purportedly violated those rules and were not suspended. In September of 2023, Plaintiff filed a charge of disability and racial discrimination against United with the Equal Employment Opportunity Commission, and several days later his employment was terminated.

Plaintiff filed this lawsuit on November 2, 2023, alleging disability and racial discrimination in violation of the New York State and New York City Human Rights laws, and alleging retaliation. Defendants respond with a pre-answer motion to dismiss.

## II. Discussion

### A. Statute of Limitations

Defendants' motion to dismiss portions of Plaintiff's Complaint pursuant to the statute of limitations is denied. As a preliminary matter, Defendants' motion to dismiss based on the statute of limitations is procedurally defective as it does not request relief based on CPLR 3211(a)(5) in their notice of motion (*see* CPLR 2221[a]; *Onofre v 243 Riverside Drive Corporation*, 232 AD3d 443, 443-444 [1st Dept 2024] [court not required to grant relief not specified in notice of motion but requested in motion papers]) Defendants' motion also failed on the merits. The statute of limitations under the New York State and City Human Rights laws is three years (CPLR 214(2); N.Y.C. Admin Code § 8-502(d); CPLR 214[5]; *see also Campbell v NYC Dept. of Educ.*, 200 AD3d 488, 489 [1st Dept 2021]).

Furthermore, on March 20, 2020, Governor Cuomo signed Executive Order No. 202.8, which, together with several subsequent executive orders, tolled the statute of limitations from March 20, 2020, through November 3, 2020 (*see Murphy v Harris*, 210 AD3d 410, 410 [1st Dept 2022]). Plaintiff alleges discriminatory acts beginning in July of 2020 and filed the instant complaint on November 2, 2023. Moreover, Plaintiff's filing of a complaint with the Equal Employment Opportunity Commission in September of 2023 further tolled the statute of limitations (*Gabin v Greenwich House, Inc.*, 210 AD3d 497, 497 [1st Dept 2022]). Therefore, the three-year statute of limitations, coupled with the toll provided by Governor Cuomo's tolling of the statute of limitations in response to the Covid-19 pandemic and the additional toll provided by the filing of an Equal Employment Opportunity Commission complaint makes all of Plaintiff's claims dating back to July of 2020 timely. Thus, this branch of Defendants' motion is denied.

**B. Personal Jurisdiction**

Defendants' motion to dismiss based on lack of personal jurisdiction is denied. The parties agree this Court may not exercise general jurisdiction over United, therefore the Court's analysis focuses on whether specific jurisdiction is appropriate. Pursuant to CPLR 302(a)(1), a New York Court may exercise personal jurisdiction over a nondomiciliary if the nondomiciliary has purposefully transacted business within the state and there is "a substantial relationship between the transaction and the claim asserted" (*Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485 [1st Dept 2017] quoting *Paterno v Laser Spine Inst.*, 24 NY3d 370, 376 [2014]). In determining whether the exercise of specific jurisdiction is appropriate, the Court engages in a two-prong inquiry to determine (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises from such a business transaction (*Wilson v Dantas*, 128 AD3d 176 [1st Dept 2015]). A plaintiff does not need to have been involved in the transaction; rather, a

**160784/2023   HUAMAN, JOSE vs. UNITED AIRLINES, INC. ET AL**
**Motion No.  001**

**Page 3 of 6**

[* 3]                                                                    3 of 6

plaintiff need only demonstrate that, considering all the circumstances, there is an articulable nexus or substantial relationship between the business transaction and the claim asserted (*English v Avon Products, Inc.*, 206 AD3d 404 [1st Dept 2022]).

As a preliminary matter, based on Defendants' own submissions, Plaintiff continued working at LaGuardia and JFK until August 12, 2021, when he was assigned exclusively to Newark International Airport after a "mid-year check-in" (*see* NYSCEF Docs. 9 and 10). Thus, to the extent Plaintiff alleges discriminatory acts from July 2020 through June 30, 2021, this Court retains specific jurisdiction. This Court likewise retains specific jurisdiction over United for the remainder of Plaintiff's allegations. Accepting the facts alleged as true, as this Court must on a pre-answer motion to dismiss, Plaintiff alleges that his re-assignment to New Jersey, despite being a New York resident who previously worked for United at LaGuardia and at JFK was part of a broader scheme to push out minority supervisors who were then replaced with less qualified white supervisors. Despite United continuing to transact business at LaGuardia and JFK, they required Plaintiff, who had recently undergone surgery, to commute multiple days a week to New Jersey. Based on these allegations, there is sufficient nexus between United's business transactions in New York and Plaintiff's allegations of discrimination to warrant the exercise of specific jurisdiction.

## C. Failure to State a Claim

Defendants' motion to dismiss pursuant to CPLR 3211(a)(7) is denied. When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory

**160784/2023   HUAMAN, JOSE vs. UNITED AIRLINES, INC. ET AL**                    **Page 4 of 6**
Motion No.  001

4 of 6

[* 4]

allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009] *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137, 142 [2017]).

As held by the Court of Appeals, the purpose of the New York State and City Human Rights laws is to "protect 'inhabitants' and persons 'within' the state" (*Hoffman v Parade Publications*, 15 NY3d 285, 291 [2010]). Further, Courts must construe the New York State and City Human Rights laws broadly in favor of discrimination plaintiffs (*Syeed v Bloomberg L.P.*, 41 NY3d 446, 450 [2024]). As it is undisputed that Plaintiff continued working at both LaGuardia and JFK until August 12, 2021, the New York State Human Rights Law and New York City Human Rights Law applies to Plaintiff's allegations of discrimination from July 2020 through August 12, 2021.

Further, as clarified at oral argument, Plaintiff was always a resident of the City and State of New York. The Court of Appeals has held that the impact requirement is satisfied by "establishing that the challenged conduct had some impact on the plaintiff within the respective New York geographic boundaries." (*Syeed, supra* at 452). The impact of the alleged discrimination against Plaintiff was felt, at least partially, within the boundaries of New York City. Plaintiff alleges the impact of the discrimination was felt by adding to his commuting burden and requiring him to commute from New York City to another state when he had previously been able to work at LaGuardia solely, and alleges this increased commuting burden was part of a scheme to force him out of United. Moreover, the impact requirement is satisfied because Plaintiff was terminated from employment while residing in New York City. Thus, the argument that the New York State

**160784/2023  HUAMAN, JOSE vs. UNITED AIRLINES, INC. ET AL**                    **Page 5 of 6**
**Motion No.  001**

5 of 6

and City Human Rights laws don't apply simply because Plaintiff was working solely at Newark International Airport after August 12, 2021, is without merit and a misreading of Plaintiff's Complaint. Defendants' motion to dismiss is therefore denied in its entirety.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiff's Complaint is denied in its entirety; and it is further

ORDERED that Defendants shall submit an Answer to Plaintiff's Complaint within twenty days of entry of this Decision and Order; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted later than August 25, 2025. In the event the parties cannot agree, and have a serious discovery dispute requiring Court intervention, the parties shall appear for an in-person preliminary conference on August 27, 2025; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/21/2025 | | | | | | |
| DATE | | | | _Mey V Rosa JSC_ | | |
| | | | | HON. MARY V. ROSADO, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | [x] | NON-FINAL DISPOSITION | | |
| | | GRANTED | [x] DENIED | | GRANTED IN PART | [ ] OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | [ ] REFERENCE |

160784/2023   HUAMAN, JOSE vs. UNITED AIRLINES, INC. ET AL
Page 6 of 6
Motion No. 001

6 of 6