**Cipriani USA, Inc. v Heaton**

2025 NY Slip Op 31582(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 153894/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-----------------------------------------------------------------X

CIPRIANI USA, INC.,

            Plaintiff,

       - v -

ANDREW HEATON, AAA FULTON SUPPLY INC.,TEK MEK
INC.,YEVGENIY PORTNOY, PHILIP CORHAN,
ALEKSANDR PORTNOY, FRANKLIN PALAQUIBAY

            Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153894/2024 |
| MOTION DATE | 12/06/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 66, 67, 68, 69, 70, 71
were read on this motion to/for            DISMISS            .

Upon the foregoing documents, and after a final submission date of February 25, 2025, Plaintiff Cipriani USA, Inc.'s ("Plaintiff") motion to dismiss Defendants AAA Fulton Supply Inc. ("AAA Fulton") and Tek Mek Inc.'s ("Tek Mek") (collectively "Counterclaim Defendants") counterclaims pursuant to CPLR 3211(a)(5) and (a)(7) is granted in part and denied in part.

## I.    Background

Plaintiff Cipriani USA, Inc. ("Plaintiff") alleges the Counterclaim Defendants, who served as vendors for Plaintiff, committed fraud by submitting false, inflated, and duplicate invoices (NYSCEF Doc. 1). In motion sequence 002, this Court granted the Counterclaim Defendants leave to amend their Answer in part, but denied leave as to any counterclaim for unpaid invoices dated prior to May 31, 2018 as those claims were time barred (*see* NYSCEF Doc. 54). Nonetheless, in their Amended Answer, the Counterclaim Defendants assert claims premised on a vague allegation that the Counterclaim Defendants were not paid for services provided "between 2018 and July

2023." They also assert a variety of quasi-contract claims. Plaintiff seeks dismissal of the counterclaims pursuant to CPLR 3211(a)(5) and (a)(7), and the Counterclaim Defendants oppose.

## II.  Discussion

### A. Statute of Limitations

As this Court previously held, counterclaims for breach of contract, unjust enrichment, and promissory estoppel premised on any invoices which pre-date May 31, 2018, are time barred (NYSCEF Doc. 54). To the extent the Counterclaim Defendants allege breach of contract, unjust enrichment, and promissory estoppel premised on any invoices which pre-date May 31, 2018, those claims are dismissed.

### B. Failure to State a Claim

#### i.  Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determine only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]. However, conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009] *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

*[The remainder of this space is intentionally left blank.]*

**153894/2024   CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

### ii.   Breach of Contract

Plaintiff's motion to dismiss the breach of contract counterclaim is denied. Although Plaintiff argues that the existence of a contract is not adequately alleged, Plaintiff fails to consider its own allegations upon which the counterclaims are premised. Plaintiff alleges breach of the covenant of good faith against the Counterclaim Defendants and specifically alleges a business contract existed between it and the Counterclaim Defendants (NYSCEF Doc. 1 at ¶ 199). Plaintiff is estopped from alleging in its complaint that a contract exists between it and the Counterclaim Defendants and asserting a cause of action based on the alleged contract, and then seeking dismissal of the Counterclaim Defendants breach of contract claim by arguing that no contract exists. Thus, this portion of the motion to dismiss is denied.

### iii.   Quasicontractual counterclaims

Plaintiff's motion to dismiss the Counterclaim Defendants quasicontractual counterclaims is denied. At the pleading stage and given the fact that no party has produced a written contract, the Counterclaim Defendants are entitled to plead inconsistent causes of action in the alternative (*see Silver v Baker Botts L.L.P.*, 235 AD3d 437, 438 [1st Dept 2025]; *Winick Realty Group LLC v Austin & Associates*, 51 AD3d 408 [1st Dept 2008]). Indeed, as Plaintiff appears to be disputing the existence of a contract through this instant motion to dismiss, the alternatively pled quasicontractual claims are proper at this juncture. Of course, should discovery yield the existence of a valid written contract, the quasicontractual claims may be dismissed via dispositive motion practice.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion to dismiss the Counterclaim Defendants' counterclaims is granted in part and denied in part; and it is further

**153894/2024   CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No.  004**

Page 3 of 4

3 of 4

ORDERED that the motion is granted solely to the extent that counterclaims for breach of contract, unjust enrichment, and promissory estoppel premised on any invoices which pre-date May 31, 2018, are dismissed as time barred; and it is further

ORDERED that the remainder of the motion which seeks dismissal of the timely counterclaims alleging breach of contract and quasicontractual claims is denied; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Plaintiff shall serve a response to the Counterclaim Defendants' remaining counterclaims; and it is further

ORDERED that within ten days of entry, counsel for the Counterclaim Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/2/2025 | | | | | | _Mny V Rosd. JSC_ | |
|----------|--|--|--|--|--|-----------------|--|
| DATE | | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153894/2024  CIPRIANI USA, INC. vs. HEATON, ANDREW ET AL**
**Motion No.  004**

Page 4 of 4

4 of 4