| |
|---|
| **Stone v Dim Sum Palace, Inc.** |
| 2025 NY Slip Op 31880(U) |
| May 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151794/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                      PART                    33M

_Justice_

-----------------------------------------------------------------------X

ZACHARY STONE, DELIA BEATRIZ MARTINEZ, NICOLAS CIANCA,

INDEX NO.           151794/2024

Plaintiff,

MOTION DATE         09/19/2024

- v -

MOTION SEQ. NO.          002

DIM SUM PALACE, INC.,DIM SUM PALACE, DIM SUM PALACE YAN, INC.,DIM SUM PALACE V INC.,DIM SUM PALACE VI INC.,DIM SUM SAM INC.,DIM SUM YAN INC.,DIM SUM PALACE EXPRESS INC.,DIM SUM NOW INC.,KEVIN YAN, SAM YAN, DIM SUM V INC, DIM SUM VI INC, JOHN DOES, ABC CORPS. I - X,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------X

KEVIN YAN, SAM YAN, DIM SUM V INC

Third-Party
Index No. 596190/2024

Plaintiff,

-against-

B&J HOOD AND DUCT CLEANING, INC.

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 119, 120, 121, 122, 123, 134

were read on this motion to/for _____DISMISS_____.

Upon the foregoing documents, and after oral argument, which took place on April 15, 2025,[1] where Brandon S. Schwartz, Esq. appeared for Plaintiffs Zachary Stone, Delia Beatriz Martinez, and Nicolas Cianca ("Plaintiffs"), and Joseph Chiantella, Esq. appeared for Defendants Dim Sum V Inc. ("Dim Sum V"), Kevin Yan a/k/a Yi Hai Zhen ("Kevin"), and Sam Yan a/k/a Yi

---

[1] The final submission date was marked as April 25, 2025, to allow for the submission of sur-reply after oral argument.

**151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**                Page 1 of 4
**Motion No.  002**

[* 1]

Shen Zhen ("Sam") (collectively "Defendants"), Defendants' motion dismissing Plaintiffs' Complaint against Kevin and Sam pursuant to CPLR 3211(a)(1) and (a)(7) is granted.

## I. Background

As alleged in the Second Amended Complaint, Plaintiffs were residential tenants on the third and fourth floors in a building at 6 Chatham Square, New York, NY 10038 (the "Building"). A commercial tenant operated a business named Dim Sum Palace on the first floor. On April 30, 2022, a fire allegedly started in Dim Sum Palace's kitchen and spread to the third and fourth floors, damaging Plaintiffs' property. Plaintiffs sued Defendants, alleging they are responsible for the fire and ensuing property damage. They also sue for negligent infliction of emotional distress. Defendants now move to dismiss Kevin and Sam, as there are no allegations that they, in their individual capacities, were responsible for the fire, nor are there any allegations to support piercing the corporate veil.

## II. Discussion

Defendants' motion to dismiss is granted. When reviewing a motion to dismiss for failure to state a claim, the Court must give Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determine only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]. However, conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009] *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137, 142 [2017]).

**151794/2024  STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**
**Motion No.  002**

Page 2 of 4

[* 2]

2 of 4

Sam is the principal of Dim Sum V and signed a commercial lease for the first floor of the Building in his capacity as President of Dim Sum V (NYSCEF Doc. 73). As routinely held by the Court of Appeals, the incorporation of a business allows its shareholders to escape personal liability (*see, e.g. Franklin Street Realty Corp. v NYC Environmental Control Board*, 34 NY3d 600, 604-05 [2019]). The means by which individual shareholders become liable for the acts of the corporation is through piercing the corporate veil. A plaintiff who seeks to pierce the corporate veil bears a heavy burden of showing that the corporation was dominated by the shareholders, and that such domination was used to defraud or carryout some wrong on the plaintiff (*Max Markus Katz, P.C. v Sterling National Bank*, 206 AD3d 533, 534 [1st Dept 2022]).

Here, there are no allegations of corporate domination or fraud anywhere in the Complaint. Nor are there any factual allegations that Sam took certain acts outside the scope of his role as owner of Dim Sum V to cause the fire to impose personal liability. The factual allegations in the Second Amended Complaint and the fire incident report make clear the fire started due to a grease accumulation in the duct – a common cause of fires in many restaurants and which, if proven true, amounts to negligence against the corporate defendant – Dim Sum V. As recently held by the First Department, nonfeasance, i.e., the failure to act – here the alleged failure to clean the ducts of grease – does not impose personal liability on corporate officers. (*see Golub v Modern Yachts, LLC*, 235 AD3d 404 [1st Dept 2025]).

Nor are there any factual allegations that support imposing personal liability against Kevin. The testimony submitted by Plaintiff makes clear that Kevin, Sam's older brother, never worked at the restaurant and only visited (NYSCEF Doc. 128). That there is purportedly video footage of him trying to get workers to respond to and to investigate the fire does not give rise to

[* 3]

a claim for negligence, and the allegations against Kevin to support a claim of negligence are conclusory and boilerplate.

Moreover, Plaintiffs' argument that Defendants are precluded from making this motion based on a stipulation extending their time to answer is without merit. A CPLR 3211(a)(7) motion may be made at any time. Defendants did not waive a CPLR 3211(a)(1) defense as Plaintiff was put on notice of the documentary evidence which forms the basis of the CPLR 3211(a)(1) motion (*see* NYSCEF Doc 89 at ¶ 29). Therefore, Defendants' motion to dismiss is granted, and Plaintiffs' Second Amended Complaint against Sam and Kevin is dismissed. The corporate Defendant Dim Sum V, Inc., remains a viable active defendant from whom Plaintiffs may ultimately recover.

Accordingly, it is hereby,

ORDERED that Defendants' motion is granted, and Plaintiffs' Second Amended Complaint is dismissed against Defendants Kevin Yan and Sam Yan; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision an Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/28/2025 | | | | | | Mary V Rosad JSC | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| **CHECK ONE:** | | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| | | x | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151794/2024   STONE, ZACHARY ET AL vs. DIM SUM PALACE, INC. ET AL**     Page 4 of 4
**Motion No.  002**

[* 4]     4 of 4