**Lewis v Fly-E Group, Inc.**

2025 NY Slip Op 32494(U)

July 14, 2025

Supreme Court, New York County

Docket Number: Index No. 158750/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. MARY V. ROSADO**                          PART          **33M**

*Justice*

-------------------------------------------------------------------X

SASHA LEWIS,

                          Plaintiff,

                  - v -

FLY-E GROUP, INC.,FLY E- BIKE, CORP., FLY SKY E-
BIKE 784 INC.,FLY SKY E-BIKE 99 INC.,FLY WING E-BIKE
MYRTLE, INC.,FLYCYCLE INC.,ABC CORPORATIONS (1-
10)(FICTIOUS ENTITIES)

                        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158750/2023 |
| MOTION DATE | 08/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 34, 35, 37, 38

were read on this motion to/for                     **DISMISS**              .

Upon the foregoing documents, and after a final submission date of May 13, 2025, Defendants Fly-E Group, Inc., Fly E-Bike Corp, and FlyCycle, Inc. (collectively "Fly E-Bike Defendants") motion to dismiss Plaintiff Sasha Lewis' ("Plaintiff") Complaint pursuant to CPLR 3211(a)(7) is granted in part and denied.

## I.     Background

Plaintiff alleges that on September 9, 2020, a rechargeable battery powered scooter allegedly caused a fire in her apartment. She now sues the various named defendants for damages. In motion sequence 002, this Court granted Plaintiff a default judgment on the issue of liability with respect to non-appearing Defendants Fly Sky E-Bike 784 Inc., Fly Sky E0Bike 99 Inc., and Fly Wing E-Bike Myrtle Inc. (collectively "Defaulting Defendants"). In this motion, the Fly-E Bike Defendants move to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(7) arguing

[* 1]

based on corporate filings they could not be responsible for the incident alleged in Plaintiff's Complaint.

## II. Discussion

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determine only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]. However, conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009] *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

As this is a pre-answer motion to dismiss, the corporate filings submitted by the Fly E-Bike Defendants, without more, are insufficient to conclusively negate Plaintiff's allegations. Although the corporate filings state when the various Fly E-Bike Defendants ceased to exist or began existing, they fail to explain the relationship amongst the various Fly E-Bike Defendants and whether the various Fly E-Bike Defendants, or their successors or subsidiaries, designed, manufactured, distributed, or sold components of the combusted scooter. The Fly E-Bike Defendants' argument is more suited for a motion for summary judgment based on a more fully developed record.

Accepting Plaintiff's allegations as true and giving Plaintiff the benefit of all favorable inferences which may be drawn from her pleading, Plaintiff has sufficiently stated a claim against the Fly E-Bike Defendants. The Fly E-Bike Defendants' argument that Plaintiff failed to plead she

purchased the Wuxing scooter at issue is without merit, as Plaintiff alleges she purchased the scooter (NYSCEF Doc. 1 at ¶ 60) and she describes herself as the owner of the scooter (NYSCEF Doc. 1 at ¶ 16).

Moreover, the Fly E-Bike Defendants' argument that Plaintiff failed to allege causation element is without merit as it can be inferred that when Plaintiff alleged that "a dangerous condition developed and ultimately a fire started" when she "was charging the Scooter in her apartment" she is alleging that a defective condition on the scooter's battery caused the fire. As repeatedly held by the Court of Appeals, "[t]he criterion is whether the proponent of the pleading has a cause of action, not whether [s]he has stated one" (*Leon v Martinez*, 84 NY2d 83, 88 [1994] quoting *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). In other words, although a complaint may be inartfully drafted, if the Court can infer from the factual allegations that a cause of action exists, the Complaint will withstand a motion to dismiss. Reading the Complaint liberally, and considering there has been no discovery, the Fly E-Bike Defendants' motion is denied. The Court has considered the remainder of the Fly E-Bike Defendants' arguments and finds them to be unavailing. The Fly E-Bike Defendants' arguments may be renewed on a future motion for summary judgment after some discovery has taken place.

Accordingly, it is hereby,

ORDERED that Defendants Fly-E Group, Inc., Fly E-Bike Corp, and FlyCycle, Inc.'s motion to dismiss Plaintiff's Complaint is denied; and it is further

ORDERED that within twenty days of entry, counsel for Defendants Fly-E Group, Inc., Fly E-Bike Corp, and FlyCycle, Inc. shall serve an Answer to Plaintiff's Complaint; and it is further

158750/2023   LEWIS, SASHA vs. FLY-E GROUP, INC. ET AL
Motion No. 001

Page 3 of 4

[* 3]

ORDERED that the parties are directed to meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail at SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted any later than September 2, 2025; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____7/14/2025_____
DATE

_____Mary V Rosado JSC_____
HON. MARY V. ROSADO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | x DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]